**CITY OF PAWHUSKA et al. v. SHELTON et al.**

No. 15519—Opinion Filed April 7, 1925.

**1. Master and Servant—Workmen's Compensation Law—Notice of Injury—Excuse for Failure to Give—Review.**

The failure of a claimant to give notice to the State Industrial Commission and his employer within 30 days after sustaining an injury may be excused by said Commission upon the grounds, (1) that for some sufficient reason the notice could not have been given, or (2) that the insurance carrier or employer has not been prejudiced by reason of the failure to give such notice. And where a claimant files a proper and sufficient application to be excused from giving such notice under the provisions of section 7292, Comp. St. 1921, and the Commission orders a hearing and all parties interested appear at said hearing and without objection proceed to trial, this court will not reverse a case upon the ground that no formal order of the Commission was made excusing the claimant from giving such notice.

**2. Same—Appeals from Awards—Finality of Commission's Decision on Facts.**

While the decisions of the State Industrial Commission upon disputed and controverted questions of fact are final and conclusive, still the question of whether or not there is any competent evidence reasonably supporting the finding is a question of law which will be reviewed by this court.

**3. Same—Insufficiency of Evidence.**

Record examined, and held, that there is no competent evidence tending to support the finding and order appealed from.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from State Industrial Commission.

Action by the City of Pawhuska and the Globe Indemnity Company, insurance carrier to review award of workman's compensation to Billie Shelton. Reversed and remanded.

Burford, Miley, Hoffman & Burford, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for defendant in error.

Opinion by DICKSON, C. This is an appeal from the action of the State Industrial Commission, wherein it was ordered:

"That within ten days from this date, the respondent herein, the city of Pawhuska, or the Globe Indemnity Company, the insurance carrier, pay to the claimant compensation at the rate of $15.39 per week, computed from Dec. 22, 1923, until termination of disability, or until otherwise ordered by the Commission, and also to pay all medical expenses incurred by claimant as a result of said injury."

The first contention made for a reversal is that notice as required by section 7292, Comp. St. 1921, was not given or excused. Said section provides:

"Notice of an injury for which compensation is payable under this act shall be given to the Commission and to the employer within thirty days after injury. * * *"

Said section further provides that:

"The failure to give such notice, unless excused by the Commission either on the ground that notice, for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

It is conceded that the defendant in error was injured on the 17th day of December, 1923, that at the time of said injury the defendant in error was in the employ of the city of Pawhuska for a wage of $4 per day, and that the plaintiff in error, the Globe Indemnity Company, was the insurance carrier of said city; that on the 21st day of December, 1923, the defendant in error caused notice to be served upon the city of Pawhuska and the Globe Indemnity Company, insurance carrier, of said injury; that some time in December or January the insurance carrier had an adjuster in the city of Pawhuska who investigated said claim, and on the 12th day of February the said insurance carrier issued its check for approximately $29, in full settlement thereof. The defendant in error refused to accept said check in full settlement, and afterward,

and on the 23rd day of February, 1924, filed an application with the State Industrial Commission to be excused for his failure to give the notice prescribed by said section 7292, upon the grounds: (1) That up to the 12th day of February, 1924, the defendant in error understood and believed that the said insurance carrier was investigating the claim and would allow proper and adequate compensation. (2) That the nature and extent of the injury was not known to the defendant in error until immediately before the filing of said application. This application was sworn to by the defendant in error, but it does not appear that the Commission made any formal order excusing the defendant for failure to give said notice within the time prescribed by said section. The application of the defendant in error was, in our judgment, sufficient to warrant the Commission in excusing the defendant in error for the failure to give such notice. The plaintiff in error appeared before the Commission, and no question was raised as to the sufficiency of the application or the failure of the Commission to make the formal order excusing the defendant in error, and we think this contention should be overruled.

On the 17th day of April, the Commission made an order that the defendant in error appear before Dr. Roscoe Walker in Pawhuska, Okla., and submit to a medical examination to determine his present condition, and authorized both employer and insurance carrier to have present at said examination such physicians as they might desire.

The evidence in the case was taken at Pawhuska, Okla., and while there was some evidence tending to show that the defendant in error had suffered a partial permanent or temporary disability, it is conceded that there was no evidence tending to prove that the defendant in error had suffered a total disability either temporary or permanent.

It is to be observed that the order appealed from directed that the defendant in error be compensated for total continuing disability from the time of the accident until the further order of the Commission. This was manifestly erroneous. The measure of compensation under circumstances of this character is fixed by section 7290, Comp. St. 1921, as amended by the Session Laws 1923, chapter 61, page 123:

"In this class of disabilities the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage earning capacity

thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

The order appealed from is based upon the finding of the Commission that the defendant in error sustained an accidental injury on December 17, 1923, and that as a result of said accidental injury the defendant in error was temporarily totally disabled from said date. The evidence in this case at best tended to prove that the defendant in error suffered a temporary or permanent partial disability. No evidence was offered tending to show the extent of such partial disability or the difference between the claimant's average weekly wages at the time of the accident and his weekly wage earning capacity thereafter, so there is no basis upon which we could modify the decision.

We, therefore, recommend that the decision appealed from be reversed, and the cause remanded to the Industrial Commission for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See C. J.—Cyc. Workmen's Compensation Acts: under (1) pp. 105, 106 § 102 (1926 Anno.); (2) pp. 123, 124 § 127; (3) p. 115 § 114.