## HARRINGTON v. STATE INDUSTRIAL COMMISSION et al.

No. 18766.  Opinion Filed June 5, 1928.

Rehearing Denied July 24, 1928.

(Syllabus.)

### Master and Servant—Workmen's Compensation Law—Appeal—Conclusiveness of Findings of Fact.

An award and finding of the State Industrial Commission upon questions of fact is final and conclusive, where there is any competent evidence reasonably tending to support said award and judgment, but where an award is made and there is no evidence supporting said award, the same will be vacated and set aside by this court on review.

Original action by Charles Harrington, claimant, to review an award of the State Industrial Commission on the ground that award was too small. Reversed.

Leander Hall, for claimant.

West, Gibson, Sherman, Davidson & Hull, for respondent Oklahoma Pipe Line Company.

CLARK, J. This is an original action brought in this court to review an award of the State Industrial Commission made and entered on the 24th day of August, 1927.

The record discloses that on January 31, 1926, petitioner, who was in the employ of the Oklahoma Pipe Line Company, sustained an injury by being struck in the left eye with a piece of steel. A hearing was had

upon application of petitioner, and at said hearing it was agreed that petitioner suffered an accidental injury in the course of his employment and respondent pipe line company was liable. It appears from the record that all the Commission determined was the amount of compensation due the petitioner.

Dr. W. M. Gayman, who attended petitioner, and whose deposition was taken, testified that petitioner sustained 40 per cent. loss of the injured eye, and that said loss was permanent.

At the trial of this cause a letter was offered in evidence, signed C. N. Fullenwider. This letter stated:

"I have examined Charles Harrington, an employee of the Oklahoma Pipe Line Company. * * * The disability is not over ten per cent."

Objection was made to this letter, and was by the trial commissioner sustained, and it was not admitted in evidence. If it had been admitted in evidence or admissible, it would have proven nothing, for the reason that the letter standing alone does not indicate or state that it was written by one who was competent to testify as to this class of injury. Nowhere in the letter is it stated that the writer was a physician or surgeon or in any way qualified to testify as to the loss of vision of the claimant's eye. This letter, not admitted in evidence, and the testimony of Dr. W. M. Gayman, who treated claimant, is all the testimony offered.

The record discloses that on the 5th day of August, 1927, an award was made, which found the permanent loss of 40 per cent. of the use of vision of claimant's eye and gave claimant compensation for a period of 40 weeks.

The record further discloses that on the motion of the Commission, on the 24th day of August, 1927, this award was set aside and an award brought here for review was substituted. Just why the Commission made this order substituting ten weeks for the 40 weeks, the record does not disclose.

Petitioner, claimant below, contends that this change in the award or judgment of the Commission was made without notice to him or his attorney, and the award for ten per cent. of the loss of vision of claimant's eye is not supported by any evidence.

We are not unmindful of the law in this state which makes a finding of fact of the Industrial Commission final, and the same will not be disturbed on review by this court.

In City of Pawhuska v. Shelton, 109 Okla. 208, 235 Pac. 213, this court said:

"While the decisions of the State Industrial Commission upon disputed and controverted questions of fact are final and conclusive, still the question of whether or not there is any competent evidence reasonably supporting the finding is a question of law which will be reviewed by this court."

Under our practice the State Industrial Commission is the exclusive trier of the facts, where a claim for compensation is presented, and findings of fact made by the State Industrial Commission are conclusive upon this court when the same are supported by any competent evidence, and where such findings of fact are assailed in this court, it is the duty of the court to determine as a matter of law whether there is any evidence to support the finding, and where it is determined that there is no evidence to support the finding, the court will disapprove and set aside the finding.

In the case at bar it was admitted that claimant was injured and entitled to compensation. The only fact to be determined by the Commission was the amount of compensation or the per cent. of loss to the injured eye. The only competent testimony admitted that attempted to fix the per cent. of loss of the eye was the testimony of Dr. Gayman, who testified that it was 40 per cent. loss. The finding of the Commission that it was a ten per cent. loss is not supported by any evidence. The claimant testified that he did not know what per cent. of loss he had sustained.

The finding and award of the Commission, not being supported by any testimony, is set aside, and the cause is reversed, with directions to give the claimant a hearing and enter such award as in the judgment and discretion of the Industrial Commission it deems just and proper.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See Workmen's Compensation Acts C. J. p. 122, 122, §127; anno. L. R. A. 1917D, 188; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011