## SMITH v. ATLAS PORTLAND CEMENT CO. et al.

No. 20439.    Opinion Filed April 8, 1930.

Sam S. Gill, for plaintiff in error.

J. S. Ross, S. J. Clay, Jas. H. Ross, and J. Berry King, Atty. Gen., for respondents.

DIFFENDAFFER, C.   The only question presented by these proceedings is the correctness of an award made by the State Industrial Commission. The claimant, petitioner

herein, filed his claim for compensation claiming a permanent partial disability, or the permanent partial loss of the use of his left foot. Upon a hearing, claimant testified fully as to the accident and the injury, how it occurred, and how it affected him. He produced one witness, who qualified as a physician and X-ray operator, who testified as to a fracture of a bone, and that when he examined claimant December, 1928, some five months after the accident, he found less than 50 per cent. use of the foot, and that, in his opinion, the injury was permanent. Another witness estimated the loss of the use of the foot amounted to 75 per cent., and that the condition was permanent. Other witnesses testified as positively from examination made by them that there was no permanent injury. The exact words "No permanent injury" were not used by the witnesses. But they testified as to the conditions they found, and that there was then no injury. The Commission found:

"That, on and prior to July 9, 1928, claimant was in the employ of respondent herein, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of or arising out of said employment claimant, on July 9, 1928, sustained an accidental personal injury as a result of which claimant was temporarily totally disabled from the date of said injury to November 5, 1928."

Compensation was allowed for that period, less the five days' waiting period, and the Commission found that petitioner had, in fact, been paid for a longer period, and declined to allow further compensation. Petitioner in his brief says:

"We realize that there is very little this court can consider in an appeal of this kind, and if there is any competent evidence to support the finding of the Commission, the claimant has no remedy."

However, he cites Harrington v. State Industrial Com., 131 Okla. 303, 269 Pac. 312, wherein it was held that:

"Where an award is made and there is no evidence supporting said award, the same will be set aside by this court on review."

Such is the well-recognized rule in this state, but we have carefully examined the entire record and find ample evidence to support the finding and award. True, there would have been evidence to support a finding of permanent partial loss of the use of the left foot, had such a finding been made. But it would have been made upon conflicting evidence, just as was the one that was made. It is not for this court to weigh the evidence, where there is a conflict therein.

Findings of fact made by the State Industrial Commission are conclusive and binding upon this court, where there is evidence reasonably tending to support same.

The evidence in the instant case being in conflict as to whether the effect of the injury was temporary total disability or permanent partial loss of the use of one foot, the finding and award of the State Industrial Commission must be affirmed.

BENNETT, HERR, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.