## MAXWELL v. O. K. TRANSFER & STORAGE CO. et al.

No. 27732.   Nov. 23, 1937.

Fred M. Hammer and M. J. Parmenter, for petitioner.

S. S. Wachter and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On December 1, 1936, M. P. Maxwell filed first notice of injury stating that while employed by the O. K. Transfer & Storage Company at 521 W. Main street, Oklahoma City, Okla., two heavy two by fours nailed together struck his right foot, fracturing it. The date of the accident is given as December 14, 1935, at 9:15 a. m.

On the 31st day of December, 1936, the State Industrial Commission denied an award. The reason for denying the award is stated to be that the evidence is insufficient to show claimant's disability was due to the alleged accident. The claimant has commenced this proceeding to have said order vacated. The parties will be referred to as petitioner and respondent. We are of the opinion and hold that the order must be affirmed. On December 3, 1936, there was filed employee's first notice. In this notice it is stated that the accident occurred when two heavy two by fours nailed together, about nine feet long, struck the claimant's right foot. The attending physician's report, filed December 3, 1936, also described the accident as being sustained when two two by fours nailed together, fell striking the patient's right foot. On December 7, 1936, there was filed employer's first notice of injury and this notice stated that a crew of men were removing stumps and timber from a piece of ground on a farm with a winch truck and cable; that one member of the crew was removing the chain and cable from stumps and tossed the chain hook to one side; that in doing so the hook fell on Mr. Maxwell's foot breaking a small bone in foot. The date of this accident is given as December 14, 1935.

In a proceeding before the State Industrial Commission prior to the hearing upon which the order of the 31st day of December, 1936, is based, petitioner appeared and testified in cause No. A-95601. In his testimony given at said hearing petitioner stated that while working on said farm with the farmer and Tommy Gibson and a fellow by the name of Ross, he sustained an accidental injury on the 12th day of December, 1935, when a log chain was thrown by the said Ross striking his foot and fracturing it; that he made the report thereof on the following Monday and quit work on the 15th day of December, which was on Sunday, and that he did not work that day but stayed home and kept his foot in hot water, and that he returned to work on the 17th day of February thereafter; that from the 15th day of December, 1935, until the 17th day of February, 1936, he was unable to work because of the accident.

The petitioner attempted to justify his claim of an injury on December 14, 1935, on the premises of said company when he claimed that he was injured by the two by four, by stating that the first injury occurred December 12, 1935, and that thereafter, on the 14th day of December, 1935, he sustained the second accidental injury in question. It is sufficient to state that the evidence is in conflict. We have said that the State Industrial Commission is the exclusive fact-finding body in such cases, and if there is any competent evidence reasonably tending to sustain the award, such finding will not be disturbed. Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. (2d) 988; Empire Oil & Ref. Co. v. Myers, 177 Okla. 401, 60 P. (2d) 730. There is competent evidence in the record to sustain the order and finding of the State Industrial Commission.

The order is affirmed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.