CAIRNS v. SINCLAIR PRAIRIE OIL MARKETING CO. et al.

No. 29746.   April 15, 1941.

*112 P. 2d 385.*

Richard K. Bridges, of Tulsa, and G. A. Krueger, of Oklahoma City, for petitioner.

Edward H. Chandler, Summers Hardy, and W. H. McBrayer, all of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On October 9, 1939, petitioner filed his first notice of injury and claim for compensation in which he stated that he was employed as a boiler fireman for the Sinclair Prairie Oil Marketing Company in one of the lines and industries covered by the Workmen's Compensation Law, section 13348, O. S. 1913, 85 Okla. St. Ann. § 1. This is not contested. He further alleged and sought to establish that on October 16, 1938, while so employed, he slipped and twisted his back and bruised his right knee, thereby sustaining an accidental injury within the

632

meaning of the Workmen's Compensation Law.

The State Industrial Commission denied an award, finding that the petitioner lost no time because of his claimed accidental injury, and that any disability he has is not the result of said accidental injury.

Petitioner seeks to review this award. The sole issue is whether the order denying the award is sustained by competent evidence. This is conceded by both petitioner and respondents. The evidence discloses that the petitioner was a man 59 years of age at the time of the hearing. He was 58 at the time of the alleged accident. He was by himself when he claims that he hurt his back cleaning out a boiler when an arch from a boiler struck him across the back and hips. He was not sent to a doctor, and he explains his failure to report the accident and lack of medical attention by stating that he thought he would get along all right, and that he didn't want to lose any time. He admitted that he had had a prior injury to his knee caused by a fall from a considerable height while engaged in employment for another and different employer. He asserted that he did not file his claim until almost a year after the alleged injury. He makes no explanation of his failure to file the claim or to report to the physician furnished by the employer for medical attention other than to state that he thought he would get along and not have to lose any time from his work. He claims that he attempted to work again in April of 1939, and then discovered that he was unable to work. A physician, called to testify for the claimant, states that he saw him first in December, 1938; that the disability may be caused by kidney trouble, high blood pressure, or that it may be related to the accident of October, 1938. The rule many times announced by this court is that if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, the order made thereon will not be disturbed by this court on re-

view. Sain v. Moran-Buckner Co., 174 Okla. 198, 50 P. 2d 158; Turner v. State Industrial Commission, 174 Okla. 486, 50 P. 2d 668; Maxwell v. O. K. Transfer & Storage Co., 181 Okla. 328, 73 P. 2d 838; Wilhelm v. State Industrial Commission, 184 Okla. 17, 84 P. 2d 419. We find competent evidence in the record reasonably tending to support the finding of the State Industrial Commission.

Order sustained.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.