## SHELL PIPE LINE CO. et al. v. CAMPER et al.

No. 21022.   Opinion Filed April 29, 1930.

Clayton B. Pierce, for petitioners.

J. Berry, King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J.   This is an original proceeding to review a judgment and award by the Industrial Commission of the state of Oklahoma, December 5, 1929, against the Shell Pipe Line Company et al., respondents herein, and in favor of Thomas Camper, claimant, for an accidental injury alleged to have been received by claimant while in the employment of the Shell Pipe Line Company, said accidental injury resulting in a 40 per cent. loss of vision of one of claimant's eyes.   The Industrial Commission awarded claimant compensation in the total sum of $990 for temporary total and permanent partial disability, and from said judgment and award respondents appeal to this court.

The record shows that the claimant, Thomas Camper, was employed by respondent, Shell Pipe Line Company, as a bricklayer. Claimant and other coworkers were ordered by respondent to construct a small brick building at respondent's pumping station near Ryan, Okla.   After completion of the bricklaying, claimant and one R. L. Larson were directed to build flues and clean the walls of said building.   Muriatic acid properly diluted with water was used to clean said walls. Claimant while engaged in clean-

ing the walls sustained an injury by getting acid in his right eye.

The claimant submitted to medical treatment first by a general practicing physician up to approximately August 8, 1928, and was then referred to an eye specialist at Tulsa, Okla., who treated claimant's eyes to September 8, 1928.   On September 8, 1928, the condition resulting from said injury was cleared up.

The Industrial Commission in its order found:

"That as a result of said aforementioned accident, claimant was temporarily totally disabled from May 23, 1928, to September 8, 1928, inclusive, being 15 weeks beyond the five day waiting period; that said accidental injury also resulted in a permanent partial disability to the extent of 40 per cent. loss of vision of claimant's right eye."

No notice was given by claimant to his employer, respondent herein, until claimant filed his claim with the State Industrial Commission, May 6, 1929, nearly a year from the date of the alleged accident.

On December 5, 1929, the Industrial Commission entered its order awarding claimant compensation in the total sum of $990 for temporary total and permanent partial disability.

Suffice to say, the findings of fact by the Commission are substantially in accordance with the statement of facts above, and are amply supported by the evidence.

The Commission in its order expressly held:

"That failure of claimant to give written notice to his employer of said aforementioned accidental injury should be excused, for the reason respondent has not been prejudiced thereby."

Respondents in their brief on appeal contend for three propositions:

"(1)   The respondents ought not be held liable for the payment of an award for compensation based on an accident occurring on May 22, 1928, when the notice of the injury and claim for compensation alleged that the accident occurred in the middle of June, 1928.

"(2)   The employee failed to sustain the burden of proof, which was on him, to establish that his disability was caused by the alleged injury.

"(3)   The opinion of the Industrial Commission that the employee should be excused on account of failure to give notice was unjustified and contrary to law."

First:   Respondents' first contention, that

they should not be held liable for the payment of an award for compensation based on an accident occurring May 22, 1928, when the notice of the injury and claim for compensation alleged that the accident occurred "about the middle of June, 1928," is not well taken.

Claimant, at the hearing before the Commission, testifying from memory as to the injury which happened nearly 12 months prior to that time, stated that the accident happened in the first part of June; that he did not know the exact date. Claimant testified positively that the accident happened the day he finished washing down said building, which was the last day he worked for respondent; and that such exact date would show on respondent's books. The record discloses that the exact date of the injury (which was also the last day claimant worked for respondent) was May 22, 1928.

The contention of respondent, we think, is without merit. There is no fatal variance. There is no such variance between the allegations and the proof as to constitute reversible error; the variance has not prejudiced the rights of respondent, and has not prevented respondent from meeting fully the issues presented at the hearing.

Second: Respondents' second contention, that the claimant failed to sustain the burden of proof to establish that his disability was caused by the alleged injury, is not supported by the record.

The record proves conclusively that claimant did, on May 22, 1928, while washing respondent's building, get muriatic acid in his eye. The testimony of claimant is that the ulcer on his eye was caused by said acid injury received at said time and place. The uncontradicted medical testimony of claimant's attending physician and eye specialist establishes that muriatic acid would, and probably did, cause said ulcer and the resultant effects thereof.

The record discloses sufficient evidence on the essential evidentiary element as to whether the injury was the result of the accident in question, and the finding of fact by the Commission that the injury received by claimant was caused by the accidental injury received May 22, 1928, while in the employ of respondent, is binding on this court.

Under the provisions of the Workman's Compensation Law, findings of the Industrial Commission are final and binding on this court where there is any reasonable testimony to support such findings. Booth v. Cook, 79 Okla. 280, 193 Pac. 36; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750.

Third: Respondents' third and last contention is that the opinion of the Industrial Commission "that the employee should be excused on account of failure to give notice," was unjustified and contrary to law.

The finding of fact by the Commission "that failure of claimant to give written notice to his employer of said aforementioned accidental injury should be excused for the reason respondent has not been prejudiced thereby" is supported by the evidence, and is likewise binding on this court.

Respondents' contention that such finding is not supported by law is answered by section 7292, O. O. S. 1921, which provides, among other things:

"* * * That failure to give such notice, unless excused by the Commission, either on the ground that notice for some sufficient reason could not have been given or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

Said section creates two exceptions to the rule that failure to give such notice (within the time prescribed by law) shall be a bar to any claim under the act, namely:

(1) Unless notice could not have been given.

(2) Unless it appear to the Commission that the insurance carrier or employer was not prejudiced by the failure to give notice.

The Commission having found as a fact that the employer was not prejudiced by the failure of claimant to give notice of his injury within the time prescribed by law, it therefore follows that, as a matter of law, such failure to give notice does not bar the action of this claimant under said act.

In the case of Nash-Finch Co. v. Harned, 141 Okla. 187, 284 Pac. 633, Mr. Justice Clark, speaking for this court, held:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review."

The judgment and award of the Industrial Commission in the case at bar being supported by competent evidence, the same is hereby affirmed.

MASON, C. J., and CLARK, HEFNER,

SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (1) anno. L. R. A. 1916A, 266; 30 A. L. R. 1277; 28 R. C. L. p. 829; R. C. L. Perm. Supp. p. 6254. See Workmen's Compensation Acts—C. J. §114, p. 115, n. 37; §127, p. 122.