## B. B. & WAITE DRILLING CO. et al. v. ROWLAND et al.

No. 21889. Opinion Filed June 2, 1931.

Roy V. Lewis and Burford, Miley, Hoffman & Burford, for petitioners.

A. P. Carr, for respondents.

CULLISON, J. This is an original proceeding before the Supreme Court to review an award of the State Industrial Commission made on October 9, 1930, to Wm. Rowland. Parties will be referred to as they appear in this court.

The respondent was in the employ of the B. B. & Waite Drilling Company and while so employed suffered an accidental injury on the 7th day of May, 1925, and as a result of said injury was paid compensation up to and including February 22, 1926.

Respondent's injury was caused by a plank falling and striking him on the head and shoulder while working on an oil derrick, causing injury to his head, eye, and neck. After he had recovered sufficiently to return to work, he returned to, and worked for, petitioner herein, and continued to work for them up to on or about April 1, 1927, and since said date he has done no work whatsoever except chores around his house.

The respondent filed with the State Industrial Commission, on January 4, 1930, a motion setting out that as a result of the accident on May 7, 1925, he had lost hearing of both ears, partial loss of speech, and was permanently and totally disabled.

Said cause was heard before the State Industrial Commission, and on the 9th day of October, 1930, the Commission made the following finding in said cause:

"2. Arising out of and in the course of his said employment, claimant, on May 7, 1925, sustained an accidental personal injury to his head and shoulder, as a result of which he was paid compensation at the rate of $18 per week from May 13, 1925, to February 22, 1926; that claimant returned to work on February 23, 1926, at a wage of $5 per day, and that said claimant continued to work from said date to April 1, 1927, at which time claimant was forced to quit work as a direct result of the injury sustained on May 7, 1925; and that claimant has been, and is at this time, totally disabled from performing ordinary manual labor."

And in accordance with said finding, the Commission awarded compensation at the rate of $18 per week computed from April 1, 1927, to October 3, 1930, and to continue compensation thereafter at $18 per week until otherwise ordered by the Commission.

The petition for review sets out seven specifications of error, all of which can be combined in the following assignments:

"(1) The finding of the Commission that on April 1, 1927, claimant was forced to quit work as a result of the accident of May 7, 1925, was wholly without evidence to support the same and the award for compensation for total disability from that date was unauthorized.

"(2) The finding of the Commission, and the award based thereon, that claimant was totally disabled as a result of the injury of May 7, 1925, was not supported by competent evidence."

Both assignments are based on the proposition that the award of the Commission is not supported by competent evidence and will be considered together.

The record discloses that respondent returned to work and worked for the petitioner herein up to the last of March, 1927, at which time respondent was advised that his work was not satisfactory.

Testimony of respondent also shows that he applied to different drilling contractors in an endeavor to secure employment, but that he could not secure employment from them. Neither does the record disclose that petitioner would give employment to respondent after April 1, 1927. The record also discloses that he had done no work of any consequence since he quit the employment of petitioner.

At the time of the accident respondent was taken to Dr. J. J. Fraley, who testified at said hearing as follows:

"Q. What diagnosis did you make at the time as to the nature of the injury? A. At the time I thought he had a fracture of the base of the skull. Q. Do you still believe that? A. I believe he did have at that time. From the hemorrhage of the ear, that is what made me think it, and from the severe shock. (102 R.) Q. When you discharged him, of date September 10th, his eye had re-

covered, had it not? A. Well, he still had a hemorrhage of the eye at the time I last say him on September 10th. He had red eyes. (109 R.)"

The record discloses that Dr. Price examined the respondent on February 20, 1930, and as a result of said examination he found that respondent could see objects only out of the right eye, and the left eye had approximately 50 per cent. vision. In his examination of respondent's ears, he testified that respondent had lost 80 per cent. of his hearing in the left ear and 50 per cent. in the right ear. Dr. White was also an ear specialist. He testified that he examined and treated respondent in January of 1926, some eight months after the date of the accident, and treated respondent for the loss of hearing and he attributed said loss to catarrh. There was also expert testimony in the record that respondent's ears showed no disease at all.

There was a large volume of testimony heard in said cause, a greater portion of which was expert testimony as to the physical condition of respondent at or near the time of the accident and later at the time of the hearing in 1930, said testimony going to the point of whether or not respondent's present condition was the result of the accidental injury received on May 7, 1925. This testimony was more or less conflicting.

Section 7294, C. O. S. 1921, as amended by Laws 1923, c. 61, s. 7, provides, among other things:

"* * * The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article, as to all questions of law."

This court has had said section before it many times, and has passed thereon and laid down the following rule in the case of Shell Pipe Line Co. v. Camper, 143 Okla. 94, 287 Pac. 1009:

" 'In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review." Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 Pac. 633.

Said rule provides that this court will not review conflicting evidence and determine the weight and value thereof, but where there is competent evidence in support of the award, the same will not be disturbed.

In the case at bar the evidence shows that respondent's sight is defective; that he can just see objects with the right eye and the vision of the left eye is only 50 per cent. The evidence discloses that respondent had lost 80 per cent. of his hearing in the left ear and 50 per cent. in the right ear. There was testimony tracing the loss of hearing and sight to the accidental injury of May 7, 1925.

Said evidence, as outlined, brings this case within the rule above set out, and upon the authority of said holdings of this court, we hold that the award of the State Industrial Commission should be affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.