## WILHELM v. STATE INDUSTRIAL COMMISSION et al.

No. 28377. Nov. 15, 1938.

Commons & Chandler and Stephens & Harman, for petitioner.

Ray McNaughton and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 9th day of August, 1936, Homer Wilhelm sustained an accidental injury while employed as a track man for the Lawyers Lead & Zinc Company at Picher, Okla., when he became overheated working in the sun. On the 29th day of August, 1936, said company caused to be filed its employer's first notice of injury, in which it is stated that claimant complains of hurting in stomach and back and also has poor appetite and general weakness. This was signed by F. L. Bumgarner, office manager, and gave Dr. W. H. Iliff and Dr. M. A. Connell as attending physicians. The attending physician's report is signed by Dr. M. A. Connell. Therein it is stated that the patient stated that he became overheated and stopped work at approximately 10 o'clock a. m., and went home and called Dr. Iliff; that at the time he had severe cramping in his leg and abdomen; that he remained in bed for three days, after which he returned to work in the ground, but has been unable to do much work since; that at the time of the report he complained of constant hurting in his back with severe pain through the small of his back when bending and cramping in the stomach on attempting to rise after bending over. It states that claimant had mild diarrhea, poor appetite, and general weakness; that he had been treated by X-ray and his back taped; that the doctor saw no connection with the disability and the accidental injury of August 9, 1936; that claimant stated to him that when he was retieing a switch on railroad on August 9, 1936, while working in the sun, he became overheated.

On August 13, 1936, claimant filed his first notice of injury and claim for compensation for total and permanent disability. Two hearings were held, and on the 15th day of December, 1937, the State Industrial Commission entered its order denying the award, finding that the evidence was insufficient to show that claimant sustained an accidental injury arising out of and in the course of his employment which resulted in any disability. The sole question is whether there is any competent evidence to sustain the

order denying the award. The order must be affirmed. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 846; Garland Coal & M. Co. v. Brock, 178 Okla. 541, 63 P.2d 70; Banning v. Peru-Laclede Syndicate, Inc., 179 Okla. 382, 65 P.2d 976. The medical testimony for the claimant would support an award. The medical testimony of Dr. Iliff for the respondent is practically as given above. The testimony is wholly conflicting.

In Standard Roofing & Material Co. v. Mosley, supra, we said:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

This court has many times held that the cause and the extent of injury in such case is to be determined by the medical expert testimony.

The order denying the award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, and HURST, JJ., concur.