## JOHNSON v. BEN FRANKLIN REFINING CO. et al.

No. 31541. Feb. 29, 1944.

Rehearing Denied April 4, 1944.

Application for Leave to File Second Petition for Rehearing Denied Sept. 19, 1944.

*151 P. 2d 428.*

J. B. Moore, of Ardmore, for petitioner.

Looney, Watts, Fenton & Eberle, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by W. V. Johnson, hereinafter referred to as petitioner, to obtain a review of an order which was made by trial commissioner and on appeal modified and affirmed by the State Industrial Commission and which denied a claim to compensation against Ben Franklin Refining Company, hereinafter referred to as respondent.

Petitioner sought compensation for disability to heart and lungs alleged to have been caused by exposure to coke dust, gas fumes, and extreme heat

on December 3, 1942, while engaged in cleaning a coke oven. Respondent denied that petitioner had sustained a compensable injury. The competent evidence adduced at hearings held to determine liability and extent of disability was in conflict. That of petitioner tended to establish the claim of disability as the result of injury and that of respondent tended to establish the fact that the disability was attributable to a cause other than injury. The trial commissioner who conducted the hearings made the following findings of fact:

"That the evidence is insufficient to show claimant sustained an accidental personal injury arising out of and in the course of his employment with the respondent herein on the 3rd day of December, 1942."

On the basis of the above-quoted finding of fact the trial commissioner entered an order which denied compensation. On appeal the State Industrial Commission struck the finding of fact made by the trial commissioner and in lieu thereof made the following finding of fact:

"That the evidence is insufficient to show claimant sustained an accidental personal injury arising out of and in the course of his employment with respondent on the 3rd day of December, 1942, and the injury complained of not being accidental within the provisions of the Workmen's Compensation Law, this Commission is without jurisdiction"

—and affirmed the order of the trial commissioner which had denied compensation.

Petitioner as grounds of error and illegality in the amended order submits the following proposition:

"The commission erred in finding that the injury was not an accidental personal injury coming within the provisions of the Workmen's Compensation Law."

In support of the proposition so advanced petitioner directs our attention to 85 O. S. 1941 § 2, and to the cases of Quality Milk Products v. Linde, 159 Okla. 256, 15 P. 2d 58; Johnson Oil Refining .Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814, 90 A.L.R. 616, and argues that since employees of refining companies are by the statute entitled to the protection thereof, and since the above-cited cases are authority for the rule that an injury need not necessarily be traumatic in order to be compensable, the trial commissioner, in the first instance, and the State Industrial Commission, on appeal of necessity had to find that petitioner's disability was due or attributable to an accidental personal injury and therefore make him an award. The fallacy in the argument so made lies in the assumption that a disability which may be attributable to an accidental injury must of necessity be determined to be such. As said in Asplund Construction Co. v. State Industrial Commission, 185 Okla. 171, 90 P. 2d 642:

"The cause of the injury and the extent thereof are questions of fact to be determined by the State Industrial Commission, and its findings thereon, when reasonably sustained by competent evidence, will not be disturbed."

The disability for which petitioner was seeking compensation was one which required a determination of its nature, cause, and extent to be made by skilled and professional persons who are qualified and competent to conduct the necessary examinations. This court is committed to the rule that where the disability is such that its nature, cause, and extent require that a determination thereof be made by skilled and professional persons, proof thereof must be made by the testimony of such persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P. 2d 896; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P. 2d 378.

At the hearings held to determine liability and extent of disability, the competent witnesses were in disagreement upon the issue to be determined, that is, whether the alleged disability

of petitioner was due to injury or to other cause, and the trial commissioner and the State Industrial Commission chose to believe the testimony of the competent witnesses who attributed the disability to other cause than an injury. The commissioner and the commission were at liberty to choose the witnesses they would believe and the weight to be attached to their testimony. Standard Roofing & Material Co. v. Mosely, 176 Okla. 517, 56 P. 2d 847; Wilhelm v. State Industrial Commission, 184 Okla. 17, 84 P. 2d 419.

The finding of fact made by the trial commissioner and the substitute finding of fact made by the State Industrial Commission were, in effect, nothing more nor less than a finding that the disability the petitioner had was not attributable to an accidental personal injury. The finding so made was based upon competent evidence relating to the fact which the State Industrial Commission was called upon to determine as an incident to the administration of relief under the provisions of the Workmen's Compensation Act, and therefore is as conclusive as any other question of fact which the commission might be called upon to determine. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

In order to be compensable a disability must be the result of an accidental personal injury. 85 O. S. 1941 § 11; Ford Motor Co. v. Scruggs, 154 Okla. 219, 7 P. 2d 479. When the trial commissioner and the State Industrial Commission found from the competent evidence adduced that the disability of petitioner was not attributable to an accidental personal injury, they then proceeded properly when they entered an order which denied an award.

Order sustained.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.