BORDEN CO. v. TRUSLEY et al.

No. 34889.    March 13, 1951.

*228 P. 2d 1018.*

Keaton, Wells, Johnston & Lytle, Oklahoma City, for petitioner.

John F. Booth, Oklahoma City, for respondent James A. Trusley.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

ARNOLD, C.J. This is a proceeding by The Borden Company, a corporation, to review an order of the State Industrial Commission awarding compensation to respondent, James A. Trusley.

The parties stipulated before the commission that on May 5, 1950, while in the employ of The Borden Company and engaged in a hazardous occupation covered by the Workmen's Compensation Law, respondent sustained an accidental personal injury arising out of and in the course of his employment.

The testimony of respondent relative to the decisive issues presented is that while lifting a hundred pound bag of Frodex he felt something tear loose inside, causing severe pain, and since that time he has been unable to do any manual labor which required physical exertion; that shortly after the accident he was treated by a doctor for about a week, and was then released for further observation; that he thereafter attempted to do some light work but was unable to do so; that he then entered a hospital and was there treated for about nine days; that since being released from the hospital he has not attempted to do any work which required physical exertion.

Four physicians examined him at different times. Their written reports were admitted in evidence by agreement.

Dr. Moore examined him at three different times: July 19, July 22, and September 25, 1950. His first two examinations were incorporated in one report. He stated he obtained a case history from respondent of having sustained a strain and injury to his back on May 5, 1950, while lifting a hundred pound bag of Frodex; he made a detailed report of his findings and concluded by stating that as a result of the injury sustained on May 5, 1950, respondent's lumbar spine at the sacrum was somewhat affected and respondent was suffering from a ruptured intervertebral disc at the fifth lumbar interspace, and as a result of the injury respondent was to some extent permanently disabled but it was too early to ascertain the degree thereof. In his report of his examination of September 25, 1950, he again made a detailed report of his findings, stating among other things that there was definite tenderness over the lumbosacral junction and in the extreme right and left regions, and over the left buttock region, including the sciatic nerve exit, and that there was still definite evidence of posterior nerve root irritation on the left side in the lower lumbar region. He further stated that in his opinion respondent then had 35 per cent permanent partial disability to his back and that such disability was caused by the injury of May 5, 1950.

The other physicians who examined respondent agree that respondent now has some permanent disability to his back, their estimates ranging from 10 to 30 per cent to the body as a whole. They, however, state that such disability was not caused by an injury but is due to congenital deformity of the spine.

The trial commissioner found that respondent had sustained an accidental personal injury consisting of an injury to his back and as the result of such injury he has sustained 25 per cent permanent partial disability to the body as a whole and awarded compensation accordingly.

Petitioner's sole contention here is that the evidence shows respondent's disability was not caused by injury but

was due to a congenital condition, and in this connection points particularly to testimony brought out on cross-examination of respondent to the effect that respondent was passed for military duty by the examining Army doctor. Petitioner urges that no man suffering from respondent's claimed disability could perform duties incident to military service, that inasmuch as the Army doctor passed respondent he must have nothing wrong with him, and that therefore the award is erroneous. Petitioner neglects to mention in this connection the further testimony by respondent on cross-examination that the examining Army doctor made no examination of his back, took no X-ray, asked no questions as to respondent's physical condition, and respondent volunteered no information to the Army doctor; that since induction he has been in a radio school being trained as a radio operator and has performed no duties requiring physical exertion.

Whether a disability is attributable to an injury or other cause is a question of fact to be determined by the State Industrial Commission from the competent evidence adduced. Its determination of this fact will not be disturbed where reasonably supported by medical testimony. Johnson v. Ben Franklin Refining Co. et al., 194 Okla. 347, 151 P. 2d 428; Liberty Glass Co. v. Lemons, 202 Okla. 667, 217 P. 2d 516; Oklahoma Gas & Electric Co. et al. v. Maloney et al., 184 Okla. 465, 88 P. 2d 363.

The evidence is unquestionably sufficient to sustain the finding of the commission as to the extent of disability; and while the evidence is conflicting as to the cause thereof, the evidence of Dr. Moore and respondent is sufficient to sustain the finding of the commission that the disability was caused by the injury sustained on May 5, 1950.

Award sustained.

LUTTRELL, V. C. J., and WELCH, CORN, GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.