GARNER v. CHEROKEE COUNTY et al.

No. 34616. May 22, 1951.

*231 P. 2d 989.*

W. H. Kisner, Tahlequah, for petitioner.

H. R. Palmer, Fenton, Fenton & Thompson, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. This is a proceeding brought by Arnold Garner to review an order of the State Industrial Commission denying him compensation on a claim filed against Cherokee county and its insurance carrier, United States Fidelity & Guaranty Company, referred to as respondents herein.

On the 2nd day of September, 1948, petitioner filed a claim against his employer, Cherokee county, wherein he stated: That he was engaged in the occupation of painter and paperhanger; that on November 3, 1948, he was employed by respondent county to paint the courtroom of the county courthouse at Tahlequah, Oklahoma; that while he and others were engaged in moving a large heavy scaffold, the scaffold fell and grazed his left leg which caused him to fall on the corner of the platform built for a witness stand which caused an injury to his leg below the knee resulting in some permanent disability to the foot.

The trial commissioner to whom the case was referred at the conclusion of the hearing in substance found: On November 3, 1948, petitioner, while in the employ of the county, sustained an accidental personal injury consisting of an injury to his left foot but that petitioner did not suffer any disability either temporary or permanent as a result of such injury and his disability was caused solely by a pre-existing condition, and upon such finding entered an order denying compensation.

The order was sustained on appeal to the commission en banc.

Petitioner by this proceeding seeks to vacate the order and asserts that there is no competent evidence tending to support it.

Petitioner testified that on the date and in the manner stated in his complaint he sustained an injury to his left foot causing a permanent disability thereto; that prior to the time he sustained such injury, he was able to do hard manual labor; that he had at no time before received an injury or had any difficulty either with his leg or foot except that on several occasions prior thereto he noticed weakness in his leg which made it difficult for him to stand on his feet, but that such condition in no way incapacitated him for performing ordinary manual labor; that since receiving his injury he has not been able to do work as before.

The medical experts all agree that petitioner is now suffering from some permanent disability to his foot. They, however, disagree as to the cause thereof.

Several physicians testified on behalf of respondent. One of these physicians stated that he first saw and examined petitioner on July 8, 1949. He obtained a case history from him and made a thorough examination of his condition including the taking of an X-ray. He made a detailed statement of the conditions he found to exist and concluded:

"He has definite weakness of the muscles of the left leg particularly those in the anterior group. I also found that he had what is known as neurofibromatosis multiple neuroma or Van Recklinghausen's disease."

He further testified that the condition and disability from which petitioner is now suffering was not caused by trauma or injury. The X-ray showed no injury to the foot; that petitioner's present disability to the foot is due solely to the disease mentioned.

The other physician testified that he first examined petitioner on the 8th day of December, 1948. He obtained a case history from petitioner of having sustained an injury to his foot as above detailed.

Petitioner also stated that for about the last three years prior to receiving his injury he at different times experienced weakness in both legs which made it difficult for him to stand on his feet. This occurred on occasions after days of hard work or after a long walk. He also examined petitioner and

after making detailed statements of his condition stated, in substance: Petitioner is suffering from a disease we call progressive muscular atrophy, more commonly known as Charco-Marie Tooth. It is a disease of the spinal cord and causes a wasting of the calf, particularly of the calf muscles and is not associated in any way with any injury. This physician also stated that in his opinion the condition and disability of petitioner's foot was not caused by the injury sustained on November 3, 1948, but was due solely to disease.

There is medical evidence to the contrary. There is, however, competent evidence reasonably tending to sustain the finding and order of the commission. Such finding and order will therefore not be disturbed on review. Borden Co. v. Trusley, 204 Okla. 253, 228 P. 2d 1018; Johnson v. Ben Franklin Refining Co., 194 Okla. 347, 151 P. 2d 428.

Order sustained.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, GIBSON, DAVISON, and HALLEY, JJ., concur.