Gladys Marriah WELCH, Petitioner,

v.

SCHULER FRUIT COMPANY, Liberty Mutual Insurance Company and the State Industrial Commission, Respondents.

No. 38259.

Supreme Court of Oklahoma.

Feb. 23, 1960.

J. Harold Land, Oklahoma City, for petitioner.

Rhodes, Crowe, Hieronymous & Holloway, By A. G. Crowe, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

On November 8, 1954, Gladys Marriah Welch, hereinafter called claimant, filed her first notice of injury and claim for compensation seeking an award under the death benefit provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., for dependency benefits due to the death of her husband, George Cornelius Welch, hereinafter called employee. The State Industrial Commission denied an award and this proceeding is brought by claimant against Schuler Fruit Company, employer and its insurance carrier, Liberty Mutual Insurance Company, hereinafter called respondents to review the order of the Commission, sitting en banc on April 10, 1958, denying the award.

The record discloses that on November 7, 1953, employee was a truck driver for employer, a wholesale produce establishment. He checked in for work a little after midnight on the morning of the 7th and an employee helped him load his truck. He made several deliveries to customers and was found by an attendant of a service station in Guthrie, Oklahoma, complaining of a severe headache. He was taken in an ambulance to a hospital in Guthrie and died November 12, 1953. His death was caused by a cerebral vascular accident or cerebral hemorrhage.

Otho Kelso, a checker and truck driver for employer, testified that when employee arrived for work a little after midnight on the morning of November 7th, he was there and helped employee load his truck for deliveries. Employee told witness he had a headache. Employee took some aspirin which witness helped him obtain and employee left for his delivery route at approximately 1 o'clock A.M.

Herman Jaco, a truck driver, testified that witness arrived at 12:30 A.M. on the morning of the 7th and employee complained of a headache; that employee left at approximately 1 A.M. on his delivery route.

Employee's truck consisted of a load of produce weighing approximately 9,000 pounds. The heaviest items were sacks of potatoes weighing 100 pounds and crates of vegetables weighing 80 pounds or more.

Dr. F attended employee on his arrival at the hospital and until his death. He testified his death was due to cerebral vascular accident or cerebral hemorrhage and explained that the word accident was a physiological term and did not refer to trauma. He stated that in his opinion the employee's death was not due to any work performed in the course of the employment.

Dr. L testified for respondents and stated that in his opinion the work performed by employee was not the cause of the cerebral hemorrhage.

Dr. W testified for claimant and stated that in his opinion the cerebral hemorrhage and death was due to an accidental injury caused by the strain and physical effort of his duties incident to the delivery of produce.

In three propositions claimant argues that the State Industrial Commission erred as a matter of law in finding that the

death was not due to an accidental injury. Claimant argues that this court will review the evidence and declare as a matter of law that the State Industrial Commission erred in its finding. The cases cited in support of this argument are not in point. The disability resulting in death in the instant case was of such nature as to require a determination by skilled and professional persons qualified to give the necessary evidence. This court has many times announced the rule that where the disability is such that its nature and cause require that a determination thereof be made by medical experts proof thereof must be made by such experts. Johnson v. Ben Franklin Refining Co., 194 Okl. 347, 151 P.2d 428; Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498.

 We have further held that where there is a conflict as to the nature and cause of the disability, if there is any competent evidence reasonably tending to support the finding and order of the State Industrial Commission based thereon, the same will not be disturbed on review. Hollis v. Mid-Continent Petroleum Corp., supra; Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750; Edmonds v. Skelly Oil Co., 204 Okl. 471, 231 P.2d 360; and Frye v. Secrest Pipe Coating Co., Okl., 333 P.2d 559, wherein it is stated:

"The order of the State Industrial Commission in a cause properly before it, based on its finding as to the cause of the death of an employee, will be sustained when there is competent evidence reasonably tending to support such finding."

We cannot sustain claimant's contention that the testimony of Dr. L is not based on the evidence presented to the court. The only incident to which claimant refers in this connection is that witness Kelso testified employee's statement that he had a headache, was made before he commenced loading the truck. The statement that employee had a headache, whether made before or after the truck was being loaded, is not a controlling factor. The testimony of both Dr. F and Dr. L is based substantially on the evidence introduced at the hearing. Claimant cites 58 Am.Jur. Workmen's Compensation Section 255, and Patrick v. J. B. Ham Co., 119 Me. 510, 111 A. 912, 13 A.L.R. 427, to the effect that a cerebral hemorrhage constitutes an accidental injury compensable under the Workmen's Compensation Act. If there had been a finding for the claimant, the law referred to would be applicable. Obviously it is not applicable where the facts are resolved against the claimant. See Frye v. Secrest Pipe Coating Co., supra, and Price v. Spartan Aircraft Co., Okl., 275 P.2d 705.

There is competent evidence reasonably tending to support the finding of the State Industrial Commission that the cerebral hemorrhage causing the death did not arise out of and in the course of the employment.

Order denying an award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON, and BERRY, JJ., concur.