Lawrence T. YEARGIN, Petitioner,

v.

GARR–WOOLEY OIL COMPANY, Employers Mutual Liability Insurance Company of Wisconsin and the State Industrial Court, Respondents.

No. 40588.

Supreme Court of Oklahoma.

Sept. 22, 1964.

Howard C. Triggs, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondent.

BERRY, Justice:

This is an original proceeding brought by petitioner, Lawrence T. Yeargin, hereinafter referred to as claimant, to review an order of the State Industrial Court denying him compensation under the Workmen's Compensation Law. This is the second time this cause has been before this Court.

Claimant alleged that "around the 19th day of April, 1957," while employed by Garr-Wooley Oil Company, he contracted an occupational disease resulting from inhalation of noxious fumes while mixing drilling mud.

On the former hearing, the trial judge found the issues generally in favor of the claimant and awarded compensation. The award was upheld by the Industrial Court en banc, but was vacated on review by this Court without prejudice to further proceedings. In that case we held there was no competent medical evidence to support the finding that the disability for which compensation was awarded was attributable, in whole or in part, to the alleged inhalation of chemical fumes by claimant in April, 1957. Garr-Wooley Oil Co. v. Lawrence T. Yeargin, Okl., 355 P.2d 410.

On March 6, 1962, some seventeen months after the mandate was issued, claimant filed a motion before the State Industrial Court for further hearing. Thereafter, on March 26, 1962, and October 25, 1962, the Industrial Court heard the case. Under agreement of the parties, all the evidence offered at the former hearing, except the testimony of Dr. M, claimant's doctor, and all the records, orders and proceedings therein were offered and received in evidence in the instant trial. Some new and additional evidence was also offered. At the conclusion of the hearing the trial judge entered an order finding that: claimant did not sustain an accidental personal injury arising out of and in the course of his employment, did not sustain or contract an occupational disease while in the employ of respondent, and did not sustain any disability as a result of an accidental personal injury or occupational disease arising out of and in the course of his employment. This order was affirmed by the Industrial Court en banc.

Claimant asserts two propositions in seeking to vacate the order denying compensation:

(1) "That the findings of the State Industrial Court are based upon ques-

tions previously judicially determined by this Court and that the State Industrial Court erred in attempting to relitigate prior final findings."

And,

(2) "That the order and judgment of the State Industrial Court is contrary to the undisputed evidence and therefore is erroneous as a matter of law."

The first contention is the decisive one and is so recognized by claimant in his brief wherein he stated:

"Claimant recognizes that these two propositions are overlapping and largely raise the same question and therefore he will present his appeal in Proposition 1."

■ The question before us is: Did the Industrial Court, after this Court had vacated the prior order without prejudice to further proceedings, err in retrying the case on its merits?

In the case of Darby v. Boehnlein, Okl., 354 P.2d 446, we stated the general rule to be that when a proceeding from the State Industrial Court is remanded it stands as if no award had been entered, and the Industrial Court, upon receipt of the mandate in the original case, has authority to retry the case. This rule was adhered to in the earlier cases of Adams v. City of Anadarko, 202 Okl. 72, 210 P.2d 151, and State Highway Commission v. Clark, 156 Okl. 119, 11 P.2d 112. This rule is subject to certain exceptions not involved herein.

In the present case, this Court did not remand the cause to the Industrial Court but vacated the order without prejudice to further proceedings. Certainly, under the announced rule, if the Industrial Court could retry the case after it had been specifically remanded for further action, it could retry the instant case de novo.

We therefore hold that the Industrial Court did not err in retrying the case on its merits.

**566**

As to the second contention, this Court has held many times that whether a claimant sustained an accidental injury to which his disability is sought to be attributed presents a question of fact for the determination of the State Industrial Court, and a finding on such issue will not be disturbed on review if supported by competent evidence. See, Cranfill v. J. G. Beard Estate, Okl., 348 P.2d 506; Borden Co. v. Trusley, 204 Okl. 253, 228 P.2d 1018; Hackley v. Dallas Nursing Home, Okl., 372 P.2d 586, and related cases.

Claimant testified that he mixed a "batch" of drilling mud each day for a period of five days; that it took from three to four hours to mix the first day's batch, then it "dwindled off"; that the work was out in the open; and that he had never received any treatment from any doctor for his alleged injury. Respondent Garr testified that he had been in the drilling business since 1918; had worked on rigs for twelve years, and never had any difficulty in mixing mud, and had never heard of anyone else having any difficulty from mixing mud for drilling operations.

Dr. F by written report stated that in his opinion claimant's condition was not the result of inhaling chemicals. Dr. C testified by deposition that in his opinion there would be no causal relationship between claimant's condition and the inhalation of chemical fumes.

Dr. B, claimant's doctor, by deposition testified:

> "Well, it is my opinion that Mr. Yeargin has developed an obstructive condition in his chest which I would consider to be pulmonary emphysema, and that the activity and exposure to the irritating and caustic materials while he was employed by the Garr-Wooley Company aggravated and increased and hastened the appearance of this disease, *if* he had a constitutional predisposition .to it, or *may have pos-*

*sibly* caused the condition which now exists." (Emphasis ours.)

The State Industrial Court has the power to weigh the evidence and pass upon the credibility of witnesses appearing before it.

The finding of the Industrial Court on this second issue is amply supported by competent evidence.

Order denying claim for compensation is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and IRWIN, JJ., concur.