Anna BOSSERT, Petitioner,

v.

PITTSBURG PLATE GLASS COMPANY and the State Industrial Court, Respondents.

No. 41235.

Supreme Court of Oklahoma.

July 20, 1965.

James S. Steph, Okmulgee, for petitioner.

Ernest W. Smith, Henryetta, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

DAVISON, Justice.

This is an original proceeding by Anna Bossert, claimant, for review of an order of the State Industrial Court denying her claim against Pittsburg Plate Glass Company, respondent, for compensation under the death benefit provisions of the Workmen's Compensation Act.

Claimant alleged that on March 11, 1964, Charles F. Bossert, her deceased husband, sustained an accidental personal injury arising out of and in the course of his employment with respondent by "over exertion causing heart attack" and from which attack he died on the same day. Respondent answered denying that deceased received an accidental injury as alleged.

The trial judge of the Industrial Court entered an order finding that the deceased "suffered a heart attack as a result of exertion and strain" while engaged in his employment and that he "died as a result of said heart attack." The court en banc on appeal vacated the order "for the reason that the evidence fails to disclose a causal connection between the death of the deceased herein and his employment."

Claimant contends the evidence was "sufficient to disclose a causal connection between the death of the deceased and his employment" and that respondent offered no competent medical testimony to form a basis for the ruling of the State Industrial Court.

The record discloses the evidence to be that deceased was employed by respondent as an inspector on an automatic glass cutting machine; that there are two principal employees with said machine, one operator and the inspector. In its operation a sheet of glass is fed into the machine where it is automatically cut and then carried by a conveyor a short distance where the inspector observes the glass and if it is not to the proper standard, he rejects it by marking it with a piece of chalk attached to the end of a long stick. The inspector may either sit or stand in performing these duties.

The operator's primary duty is to make adjustments in the cutting mechanism of

# 16

the machine so as to cut the glass to the desired size. In making these adjustments the operator climbs a stairway, consisting of six steps, to a small platform where he kneels down, loosens a wing nut, sets the "cutter" which is a small carbon wheel, to the desired setting, re-tightens the wing nut and then descends the stairway to his original position where he watches the glass come through and on to the inspector. The only tools the operator uses in making the adjustments is a pair of pliers and a small plastic hammer.

The inspector is required, under his union contract, to relieve the operator on the machine a total of one hour each day. Thus the inspector's job requires seven hours of inspecting the moving glass and one hour of operating the machine. The inspector is also relieved from his duties twelve minutes of each hour.

In relieving the operator on the glass cutting machine the deceased would relieve him for fifteen minutes at 10:00 A.M., thirty minutes at noon and fifteen minutes at 2:00 P.M.

On March 11, 1964, deceased relieved the operator at the 2:00 P.M. relief time; deceased was seen making three or four trips up and down the stairway during that fifteen minute period; he was observed just after he had made a size adjustment when he remarked "it was okay." At the end of the fifteen minute period, the operator of the machine returned to duty and within three or four minutes after that deceased was seen slumped in his chair where he expired.

The evidence further showed that deceased made no complaints to anyone about feeling bad or tired at that time. In fact the testimony from two witnesses, one for claimant and one for respondent, was that deceased "was in good spirits" and "was in better spirits than he had been * * * for a good while."

Dr. C testified in behalf of claimant. His testimony was that deceased had been a patient of his since April of 1959; that the "primary problem over that period of time

was hypertension;" that he had deceased on "blood pressure medicine all through that period of time" until the day of his death; that he had deceased on a special diet and had instructed him "not to exert himself;" that in his opinion deceased suffered an acute coronary occlusion which resulted in his death and that "it was brought on by the nervous tension, mental strain, and what physical activity was required" in his operation of the machine during the fifteen minute period he relieved the operator on March 11, 1964.

Dr. B testified in behalf of respondent. After sitting in the court room and hearing all of the evidence and in reply to a hypothetical question propounded to him which contained all the essential facts in the case, Dr. B testified it was his opinion that deceased "died in a vascular death" and that there was no "relationship between what he was doing, either physically or emotionally, and the fact of the vascular death * * * no relationship between the condition of his work and his death."

■ The testimony is in conflict and where an accidental injury is an issue and the evidence thereon is in conflict, the State Industrial Court, and not this court, is the sole judge of the credibility of witnesses, be they lay or expert, and the weight to be accorded the testimony. Sanders v. Fischer Const. Co., Okl., 397 P.2d 144; Raska v. Tulsa Tiling Service, Okl., 397 P.2d 661; Brooks & McConnell, Inc. v. Strong, Okl., 396 P.2d 525.

■ This court has also said many times that whether disability or death is due to compensable injury or other cause is a question of fact to be determined by the State Industrial Court and its findings will not be disturbed on review if there is any competent evidence reasonably tending to support said findings. Arnold v. J. F. Pritchard and Company, Okl., 399 P.2d 481; Transcon Lines, Inc. v. Curtis, Okl., 402 P.2d 269; Holden Trailer Manufacturing Co. v. Roberts, Okl., 395 P.2d 950; Yeargin v. Garr-Wooley Oil Company, Okl., 395 P.2d 564; Crest Building Corporation v. Lowe, Okl.,

388 P.2d 512; Byers v. Creeco Mill & Elevator Co., Okl., 388 P.2d 476; Sanders v. State Industrial Commission, Okl., 331 P.2d 478.

We hold Dr. B's testimony to be competent evidence reasonably tending to support the finding of the State Industrial Court that the evidence fails to disclose a causal connection between the death of deceased and his employment.

The order is sustained.