## TURNER v. EARL W. BAKER & CO.

No. 22456.   Opinion Filed Nov. 3, 1931.

Byrne A. Bowman, for petitioner.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for respondents.

SWINDALL, J. This is an original proceeding to review an award of the State Industrial Commission. The petitioner was claimant and the respondent was respondent before the Commission. They will be hereafter referred to as they appeared before the Commission. In March 31. 1931, the claimant filed employee's first notice of injury and claim for compensation, in which he states that on or about August 1, 1930, while in the employment of the respondent in a hazardous occupation coming under the Workman's Compensation Law and arising out of and

and in the course of his employment, he received an accidental personal injury. On May 11, 1931, pursuant to legal notice, a hearing was held before Commissioner Mat McElroy at Oklahoma City, Okla. The claimant was the only witness testifying at the hearing. Upon consideration of claimant's testimony on May 13, 1931, the Commission held that:

"Having reviewed the testimony taken at said hearing, examined all records on file in said cause, and being well and sufficiently advised in the premises, the Commission is of the opinion, upon consideration of all facts in this case, that failure of the claimant herein to give notice to the Commission and his employer within 30 days as provided by section 7292, C. O. S. of Oklahoma 1921, is prejudicial to the substantial rights of the respondent and insurance carrier herein as to the period of temporary total disability sustained herein.

"It is therefore ordered: That the Commission is without jurisdiction to hear and determine said period of temporary total disability herein, due to the failure of the claimant to furnish written, or legal, notice to the respondent herein as provided by statute."

All the Commissioners concurred in the order.

On May 19, 1931, motion for rehearing was filed, which was by the Commission considered and denied on June 3, 1931. The claimant seeks to excuse his failure to give notice upon the ground that the foreman of the respondent was present at the time he sustained the alleged accidental injury complained of. Claimant claims that while sawing off certain piling he attempted to get out of the way of a piece of piling that he had sawed off, slipped in a ditch or gully and fell, foot striking some object and ankle twisting, fracture of bones and tearing of ligaments in left foot and ankle. He was never examined by a physician and never requested the respondent to furnish him medical attention and never disclosed to the foreman that he received an injury of any consequence. He testified that the foreman knew of the injury. The following questions were propounded to him and he answered the same, as follows:

"Q. What did you do at town? A. The lady that roomed at the cafe right next door said she would get some liniment, and she did, and she rubbed me some. Q. This lady rubbed your ankle? A. Yes. Q. Was Swacker, your foreman, there when you, at the time she rubbed your ankle? A. Yes. Q. You were rooming with him? A. Yes. Q. And he knew that you were injured in the afternoon, did he? A. I suppose so. He helped me rub the liniment on. Q. He helped you rub it on? A. Yes. Q. Did you tell him that you hurt your ankle on the job? A. Yes; he knew it; he was right there. * * * Q. What did you do next day? Go back out to work? A. Next day? Q. Yes. A. I didn't want to go out and told Swacker I didn't believe I'd go out that day; I'd just stay around and rest my foot up and he said come on out and I could sit on the tractor, and drive the tractor. * * * Q. Did you do any heavy work on that day? A. I did not. I couldn't do it; couldn't get around to do any good. Q. After that did you do any work? A. No; I think it was another day, or two days that I stayed down there and then I come to town and I wasn't able to go back. Q. To refresh your memory, did you do light work in the engineer's office two days and then did you come to Oklahoma City? A. Yes; I stayed around where the engineer was for the next day or two. Q. After you came to Oklahoma City, did you ever go back on the job? A. No. * * * Q. At any time during those three days—Friday—Thursday, Friday and Saturday—that is, the time you were hurt and the two days following, did you ever tell Swacker, the foreman, or anybody connected with the Earl W. Baker Company, in an official capacity, that you wanted some medical attention for your foot? A. No, I did not."

In the case of Hardeman-King Co. v. Hudson, 151 Okla. 236, 3 P. (2d) 424, this court held that:

"The question of whether or not an employer under Workmen's Compensation Act was prejudiced by the failure of an injured employee to give the 30 days' notice required by section 7292, C. O. S. 1921, is a question of fact to be determined by the Commission."

In Olson Drilling Co. v. Tyron, 150 Okla. 18, 300 P. 663, this court said:

"The evident object of giving notice is in order that the employer or the insurance carrier may furnish necessary medical or surgical aid, medicines or hospital attendance, and such other remedial aid as is provided for in the Workmen's Compensation Law; also, that the employer and insurance carrier may have an opportunity to investigate the claim for compensation on account of the alleged accidental personal injury to determine whether or not the same is meritorious."

In Oklahoma Natural Gas Corporation v. Baker, 148 Okla. 277, 208 P. 875, this court said:

"Employee's failure to give employer timely notice of accident bars claim for compensation, unless employee excuses failure by proving notice could not have been given or that employer was not prejudiced thereby."

In Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100, this court said:

"The statute recognizes that, where a claim

is to be met, timely notice should be given in order that the employer may investigate the validity of the claim, but it also provides that such failure to notify shall not bar claimant if he can affirmatively show that no prejudice has resulted from such failure. In the event claimant could show that the employer in fact had actual notice within the time, and did in fact make an investigation, or had all opportunity to do so, this would certainly show no prejudice: but the burden of excusing the failure must be on the claimant."

See, also, Fidelity Union Casualty Co. v. State Industrial Commission, 130 Okla. 65, 265 P. 131: Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038; and Hales v. Oklahoma Producing & Refining Co., 109 Okla. 286, 232 P. 42.

In the following cases a failure to give the written notice was excused upon the ground that where it appears that no written notice of the injury was given as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury soon after it occurred and with full knowledge of the injury omitted to administer any relief, and where the employee makes proof of such actual notice of his injury, the burden then shifts to the employer to show that in spite of such actual notice he is still prejudiced by the failure to give the written notice. Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820: Ford Motor Co. v. Ford, 128 Okla. 221, 262 P. 201; United States Fidelity & Guaranty Co. v. State Industrial Commission, 120 Okla. 277, 251 P. 597; Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 P. 438.

In the following cases the Industrial Commission excused failure of claimant to give notice upon the ground that the employer was not prejudiced thereby: Shell Pipe Line Co. v. Camper, 143 Okla. 94, 287 P. 1009; W. R. Pickering Lumber Co. v. Tincup, 132 Okla. 241, 269 P. 262; City of Pawhuska v. Shelton, 109 Okla. 208, 235 P. 213; Grace v. Vaught, 108 Okla. 187, 235 P. 590; Oklahoma General Power Co. v. State Industrial Commission, 108 Okla. 251, 235 P. 1095.

However, a careful examination of the record in this case does not bring the claimant within the rule announced excusing his failure to give written notice to the employer on the ground the employer had actual notice. It was not shown that the respondent had full notice of any accidental personal injury of the kind or character for which the claimant seeks to recover compensation; neither is it disclosed by the evidence

that the respondent was not prejudiced by the failure of the claimant to give notice. Claimant never made any demand for medical attention for the alleged accidental injury and his physical condition and his course of conduct following the injury would not indicate to the foreman of the respondent or any other reasonable person that claimant was seriously injured. He only remained in the locality of the injury for two days, there was nothing serious in his condition during that time and he never advised the respondent that his condition had changed for the worse until after the expiration of about eight months. Certainly, if he had received a twisted ankle, fracture of bones, or tearing of ligaments in left foot or ankle, it should have been treated promptly, and it clearly appears that the respondent would be materially prejudiced to permit the claimant to delay from August 1, 1930, to the 1st of April, 1931, to give notice of his injury and request medical attention. If such delays in giving notice are to be excused, then employers might be held to respond in compensation for claims for which they were in no way liable. Respondent was entitled to notice that it might investigate the alleged injury of claimant to determine the nature and extent thereof so that they could meet the issue upon the hearing before the Commission. We think that the Commission acted properly and within its discretion in holding that the respondent would be prejudiced by the Commission taking jurisdiction over a claim for an alleged injury occurring about August 1, 1930, and no claim being made for compensation until the 1st of April, 1931. While the Workmen's Compensation Law should be liberally construed, it should not be stretched to cover any claim that some employee may decide to file six or eight months after his alleged injury. Such a course of procedure would work an injury upon the employer as well as upon the employees who have valid claims to present to the Commission for consideration.

The order of the State Industrial Commission is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 244; L. R. A. 1918E, 556; 28 R. C. L. 825; R. C. L. Perm. Supp. p. 6249; R. C. L. Pocket Part, title "Workmen's Compensation," § 113. (2) annotation in L. R. A. 1916A, 266; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.