## MORTON v. STATE INDUSTRIAL COMMISSION et al.

No. 27032.  Nov. 2, 1937.

William E. Poteet and Wm. M. Thomas, for petitioner.

Commons & Chandler and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Al Morton, as petitioner, to obtain a review of an order of the State Industrial Commission which denied his claim for compensation on account of failure to give the statutory notice of injury. It appears from the record that on August 30, 1935, employee's first notice of injury and claim for compensation was filed with the State Industrial Commission wherein petitioner stated that on April 4, 1935, and while in the employ of Little Chief

Mining Company, a copartnership, he had sustained an accidental personal injury consisting of an injury to his back, and that he had notified his employer and requested medical attention which had not been furnished. On September 9, 1935, employer's first notice of injury was filed with the Industrial Commission and therein any accidental injury as well as notice thereof was denied, and it was alleged that the petitioner had quit his work on account of piles. The Davis Big Chief Mining Company and its insurance carrier filed a separate answer; therein any injury to the petitioner while in their employ was denied and failure to give notice and resulting prejudice was pleaded in bar of any claim which petitioner might have against said company. At the hearings before the commission the petitioner testified that he was employed by the Little Chief Mining Company in the capacity of managing partner, the other partners being Emmett Hudson, Elmer Craig, and Morris McGowan, and that said partnership carried its compensation insurance under an arrangement with the Davis Big Chief Mining Company. The petitioner admitted that he had not given notice of his injury as required by statute, but sought to excuse such failure on the ground that one of the partners had witnessed the accident, and that the other had been informed concerning it within 30 days after its occurrence, and by reason of the further fact that he had applied to the bookkeeper of Davis Big Chief Mining Company for medical treatment and had gone to their doctor to be examined, but had been unable to obtain medical treatment on account of the doctor being otherwise engaged at the time. Petitioner further testified that he continued to work until April 18, 1935, and that as managing partner of Little Chief Mining Company he had paid himself wages until May 9, 1935. Petitioner further admitted that he suffered from tuberculosis, silicosis and piles, had been a sufferer from said diseases for a considerable period of time prior to his injury. It appears from petitioner's testimony that the information which he gave to his copartners with respect to his injury was not of such nature as would lead them to believe that he had sustained a substantial injury for which he would claim compensation, but rather that his injury was one of but slight consequence. The evidence before the commission with respect to the injury is extremely meager, while that which would attribute the disability to disease is rather compelling. Upon consideration of all of the testimony, records, and reports on file the commission found that petitioner's claim for compensation should be denied on account of his failure to give the required statutory notice. In so doing the commission necessarily found that the employer had been prejudiced by such failure, since the general finding included every special finding necessary to support it. Wentz v. Brookshire, 150 Okla. 92, 300 P. 652. Petitioner filed a motion for rehearing before the commission wherein substantially the same contentions were made as are advanced here and the same authorities were cited in support thereof. This motion was heard, considered and denied by the Industrial Commission.

Petitioner as grounds for the vacation of the order urges that his evidence was sufficient to establish the fact that the employer had actual notice of his injury and thus negatived any presumption of prejudice in the absence of proof by the employer that prejudice had nevertheless resulted. In support of this contention petitioner cites and relies upon the cases of Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820; Maryland Casualty Co. v. Osborne, 166 Okla. 235, 26 P. (2d) 934; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. (2d) 1094. Had the commission found that the employer had actual notice of petitioner's accidental injury, then the cited cases would be excellent authority for the contention advanced, but since the commission found contrary to the petitioner's claim, a different situation is presented. The applicable rule is that stated in Turner v. Earl W. Baker & Co., 153 Okla. 28, 4 P. (2d) 739, wherein this court said:

"The question of whether or not an employer under the Workmen's Compensation Law was prejudiced by the failure of an injured employee to give the 30 days' notice required by section 7292, C. O. S. 1921, is a question of fact to be determined by the commission."

Where a question of fact in connection with administering relief under the Workmen's Compensation Law arises, this court will not weigh the evidence and disturb the finding of the State Industrial Commission thereon, the rule being stated in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. (2d) 32, as follows:

"The decision of the Industrial Commission is final as to all questions of fact relating to administering relief under the act, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court."

Under the record before us no error of law is shown, and the finding of the commission on the facts is supported by competent evidence, and therefore will not be disturbed.

Order sustained.

OSBORN, C. J. BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.