## CURRY v. STATE INDUSTRIAL COMMISSION et al.

No. 27994. Feb. 21, 1938.

Robinson & Oden, for petitioner.

Gibson & Savage and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Lee Curry, hereafter referred to as petitioner, to obtain a review of an order of the State Industrial Commission which denied his claim for an award of compensation against the city of Altus, hereafter referred to as respondent.

The petitioner sought an award of compensation for a hernia which he alleged had resulted from an accidental personal injury sustained on May 15, 1936. Employee's first notice of injury and claim for compensation was not filed with the State Industrial Commission until August 20, 1936. The respondent pleaded that it had not been given any notice of the alleged injury and that it had been prejudiced by the failure to give such notice. The petitioner admitted that he had not given the notice required by section 13358, O. S. 1931, but sought to have the commission excuse his failure so to do. Petitioner offered certain evidence which, had it been believed by the commission, might have justified the commission in excusing the failure of the petitioner to give the statutory notice. The commission, however, after completing the hearings and upon consideration of all of the testimony, records, and reports on file and before it, found that the petitioner had failed to give either written or oral notice of his alleged accidental injury to his employer within the period of 30 days after his alleged injury, and that by reason thereof the respondent and its insurance carrier had been prejudiced, and thereupon denied the claim of petitioner for compensation. The petitioner contends that, since from the evidence which he introduced the commission would have been authorized to find in his favor, therefore it was obliged to so do. This by no means follows. Section 13358, O. S. 1931, authorizes the State Industrial Commission under certain circumstances and upon competent evidence to excuse the failure to give the notice required by said statute, but this is an act of grace and not a matter of right. Where the commission sees fit to excuse the failure, and there is any competent evidence to support such action, this court will not disturb it. Under such circumstances, the cases cited by the petitioner would be in point, but they have no application to a situation where the commission has seen fit under the evidence to refuse to excuse the failure of the claimant to give the notice as required by the statute.

In the case of Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847, this court said:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

See, also, Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P.2d 560; Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P.2d 108.

The question of whether or not the employer had been given any notice which would justify excusing the failure to give the notice was a question of fact arising in connection with the administration of relief under the provisions of the Workmen's Compensation Law. See Turner v. Earl W. Baker & Co.. 153 Okla. 28. 4 P.2d 739; Norton v. State Industrial Commission, 181 Okla. 157. 73 P.2d 136. As has heretofore been pointed out by this court in the case of Olson Drilling Co. v. Tryon, 150 Okla. 18, 300 P. 663:

"A finding of fact made by the Industrial Commission upon issues of fact involved in trial of a cause is final, and this court is not authorized to weigh the evidence on a review of the judgment or award to determine the sufficiency thereof."

Under the record before us, the finding of the commission with respect to the failure of the petitioner to give notice of his injury to his employer and of the prejudice resulting therefrom is not erroneous as a matter of law. No other error is presented, and therefore it is our duty to sustain the order of the commission.

Order sustained.

OSBORN, C. J.. and PHELPS, GIBSON, HURST, and DAVISON, JJ., concur.