## HORTON v. STATE INDUSTRIAL COMMISSION et al.

No. 28190.  Dec. 13, 1938.

H. L. Arthurs and Johnson & Jones, for petitioner.

Mac Q. Williamson, Atty. Gen., and Tom Finney, Asst. Atty. Gen., for respondents.

OSBORN, C. J.  This is an original proceeding in this court brought by J. R. Horton, hereinafter referred to as petitioner, to review an order of the State Industrial Commission denying his claim for an award under the Workmen's Compensation Law for an injury sustained by him while employed by the board of county commissioners of Rogers county, Okla., for the reason that petitioner had not given the notice required by section 13358, O. S. 1931 (85 Okla. St. Ann. sec. 24), and that the employer was prejudiced thereby.

The petitioner, a man 65 years of age at the time of the alleged injury, filed his first notice and claim for compensation with the Industrial Commission on December 10, 1936, in which he gave notice of an injury occurring on September 19, 1936. The injury was described as an injury to the back. It appears that petitioner was employed as a carpenter to work on the county courthouse then being constructed for Rogers county.

In addition to the testimony regarding his injury, petitioner testified that his son, Allen Horton, who was general supervisor in charge of construction of the courthouse, had actual knowledge of the injury. No contention is made that the written notice required by section 13358, supra, was given. Petitioner relies upon actual notice, and a failure on the part of the employer to show prejudice by reason of the failure to give the written notice within 30 days.

Mr. L. A. Blackburn, who had direct supervision of the carpenters employed at the courthouse, testified that some two months after the date of the alleged injury petitioner told him that he was suffering with sciatic rheumatism. Allen Horton, son of petitioner and general superintendent of the construction, testified that he knew of the injury at the time it occurred and took petitioner to the doctor immediately after the injury. The witness testified that he informed Mr. H. Tom Brown, chairman of the board of county commissioners of Rogers county, about the injury on the day it occurred. Mr. Brown was called as a witness and testified that Allen Horton did not report to him that his father had been injured, but told him that his father was suffering with rheumatism.

At the conclusion of the hearing the commission entered its findings to the effect that "claimant failed to give written or oral notice of said accidental injury within the 30 days as provided by the Workmen's Compensation Law. and that by reason thereof respondent's rights had been prejudiced," and denied petitioner's claim.

In the case of Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P.2d 556, it was held that where a written notice has not been given as required by section 13358, O. S. 1931 (85 Okla. St. Ann. sec. 24), the burden rests upon the claimant to prove by competent evidence that for some sufficient reason such notice could not have been given, or that the insurance carrier or employer, as the case may be, has not been prejudiced.  It was also held that where failure to give written notice of an injury is made an issue in a proceeding for compensation under the Workmen's Compensation Law, it is the duty of the State Industrial Commission to hear the evidence offered by the parties and make a finding, either excusing the failure to give said notice in writing upon one or both the grounds authorized by section 13358, O. S. 1931 (85 Okla. St. Ann. sec. 24), or refusing to excuse such failure, as the facts may warrant.

In the case of Curry v. State Industrial Commission, 182 Okla. 119, 76 P.2d 899, it

was held that under the provisions of the above-cited statute the State Industrial Commission is authorized to excuse a failure to give the notice required by said section under certain circumstances and upon competent evidence, but it is not required to do so.

In the case of Morton v. Industrial Commission, 181 Okla. 157, 73 P.2d 136, the issue was identical with the issue involved herein. In that case it was pointed out that whether the failure of an employee to give the statutory notice to his employer results in prejudice to the employer is a question of fact for the determination of the State Industrial Commission in administering relief under the Workmen's Compensation Law, and where there is any competent evidence reasonably tending to support the finding of the commission that the failure to give the written notice had resulted in prejudice to the employer, such finding will not be disturbed by this court on appeal.

Petitioner relies upon certain authorities holding that where an employee fails to give to the employer a notice in writing within 30 days after the injury as required by section 13358, supra, and then introduces positive proof that the employer had actual notice of all the facts that the notice is required to impart, then the burden is placed upon the employer or the insurance carrier to offer competent evidence to establish the fact that, notwithstanding such actual notice, the employer and insurance carrier are prejudiced by failure to give the statutory notice. Maryland Casualty Co. v. Osborn, 166 Okla. 235, 26 P.2d 934; Shell Pet. Co. v. White, 176 Okla. 573, 56 P.2d 830; NuWay Laundry Co. v. Trice, 182 Okla. 518, 78 P.2d 706; Pine Valley Lumber Co. v. Robinson, 182 Okla. 234, 76 P.2d 1048.

It is noted that in each of the cases relied upon by petitioner, the commission excused the giving of the statutory notice on the ground that there was actual notice and that no prejudice resulted from the failure to give the statutory written notice. In the instant case the commission found that no actual notice was given. It is the rule that a claimant who seeks to excuse the giving of written notice upon the ground that the employer had actual notice must prove that the employer had actual notice of the time, place, nature, and cause of the injury, or the evidence should show "information imparted to the employer sufficient to show an accidental injury received in the course of and growing out of the employment, or information of an injury and such other facts as would indicate a desire for medical attention and securing compensation for the injury or for diminished earning power. * * *" Greis v. Rounsiville, 173 Okla. 189, 46 P.2d 905. The evidence of petitioner was deemed insufficient by the commission to meet these requirements and to sustain the burden of proof cast upon him, and said finding is binding on this court.

Other propositions are presented, but having taken this view of the matter, it becomes unnecessary to consider them.

Order affirmed.

BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.