SIMPSON v. POTEAU ICE CO. et al.

No. 34955.   Nov. 20, 1951.

*237 P. 2d 873.*

Windham & Windham, Poteau, and Claud Briggs, Oklahoma City, for petitioner.

Butler, Rinehart & Morrison, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J.   This is a proceeding by Murl Simpson to review an order of the State Industrial Commission denying him compensation on a claim filed against his employer, Poteau Ice Company, and its insurance carrier, Casualty Reciprocal Exchange, a corporation.

Respondents resisted the claim upon the grounds: (1) Petitioner failed to give written notice of his injury within 30 days as required by 85 O. S. 1941 §24; and (2) that he did not file his claim for compensation within one year after the date of the alleged injury as provided by 85 O.S. 1941 §43, and that his claim for compensation is therefore barred.

The trial commissioner found and ordered:

"That the claimant on June 7, 1948, filed a form 3, alleging an accidental personal injury of February 12, 1947; that thereafter, a second Form 3 referring to said injury was filed September 20, 1948.   The Trial Commissioner further finds that on October 18, 1949, at the hearing, the Form 3 was amended by setting up an additional personal injury, August 2, 1947.   The Trial Commissioner further finds that claimant, at the time of the alleged accidental personal injuries was either manager or acting manager for the respondent, and that he failed to give notice to his employer of any accidental personal injury, and that his claims are barred by failure to give the statutory written notice, which cannot be excused, because the respondent was prejudiced thereby. The Trial Commissioner further finds that claimant's claims of accidental injury are each of them barred by the Statute of Limitations; and therefore, an award herein is denied."

The finding and order was sustained on appeal to the commission en banc.

The record discloses that on the 7th day of June, 1948, petitioner filed a claim for compensation in which he stated that on February 12, 1947, while in the employ of the ice company he sustained an injury to his back while engaged in lifting an engine.   (This claim was not filed within one year after the date of the alleged injury and is therefore barred by limitation.)   On September 20, 1948, petitioner filed an amendment to his claim in which he states that the disability resulting from the injury sustained by him on the 12th day of February, 1947, did not become apparent until about July 1, 1947.   It is apparent that petitioner amended his claim by inserting the allegation that disability as the result of the injury did not become apparent until July 1, 1947, for the purpose of tolling the statute. This allegation, however, did not accomplish that purpose. Tulsa Hotel v. Sparks, 200 Okla. 636, 198 P. 2d 652.

The evidence discloses that petitioner did sustain an accidental injury on February 12, 1947, as claimed by him, and that he suffered some temporary dis-

ability as a result thereof; that he was treated for such injury and improved to such extent that he returned to work and continued working until the time stated in his amended claim.

It developed at the hearing that on August 2, 1947, petitioner, while engaged in loading ice, slipped and fell on the ice and that as a result thereof he sustained additional disability. At the conclusion of the evidence taken at the hearing, petitioner, by permission of the trial commissioner, amended his June 7, 1948, claim to conform to the proof so as to change the date of injury from February 12, 1947, to August 2, 1947. He, however, by this amendment, not only changed the date of the injury, but changed the injury as well. He changed the injury from an injury sustained by lifting an engine to an injury sustained by falling on the ice while engaged in loading.

Petitioner in his brief abandons all claim for compensation for the injury sustained on February 12, 1947, and relies solely for recovery upon the injury alleged to have been sustained August 2, 1947, and asserts that since he was permitted to amend his claim of June 7, 1948, by changing the date of the injury to August 2, 1947, his claim as amended was filed in time.

It is conceded that petitioner did not give written notice of his injury of either February 12, 1947, or the injury of August 2, 1947. Petitioner contends that the evidence is insufficient to sustain the finding of the commission that respondents were prejudiced by reason of not having received written notice of the injury occurring either on February 12, 1947, or August 2, 1947.

Petitioner testified that some time in the early part of August, 1947, he notified Mr. Drum, the superintendent of respondent ice company, of the injury sustained by him on August 2, 1947, and also as to the injury sustained February 12, 1947.

It is the contention of petitioner that since he has shown that respondents had actual notice of the injury sustained August 2, 1947, within 30 days after the injury occurred, the burden shifts on respondents to prove prejudice by reason of the failure to give written notice and that respondents have made no such proof, and that the commission therefore erred in finding that respondents were prejudiced because of the failure to receive such notice. Mr. Drum testified he did not recall petitioner had ever notified him of either of the injuries claimed to have been sustained and specifically testified that he had no notice or knowledge that petitioner was claiming compensation for the injury sustained on August 2, 1947, and that petitioner made no request for medical treatment for such injury. The record clearly established that respondent had no knowledge that petitioner was claiming compensation for his injury alleged to have been sustained August 2, 1947, as no claim was made for compensation for such injury until the close of the evidence taken on the hearing on October 18, 1949.

The commission made no finding as to actual notice nor is it required so to do. It found that respondents were prejudiced by reason of not having received written notice.

We think the record affirmatively shows prejudice. Respondents were not advised that petitioner claimed compensation for an injury sustained by him on August 2, 1947, until after the close of the case on October 18, 1949, when petitioner amended his claim. They had no opportunity to make an investigation as to whether an accidental injury was sustained by petitioner on that day, or, if he did sustain such injury, as to the extent of disability, if any, sustained by him as a result thereof. If timely written notice had been given, they might have been able to establish that no accidental injury was sustained by petitioner on that date, or if so that he sustained no permanent disability as a result thereof or might have established as claimed by petitioner as late as September 20,

1948, when he filed his first amendment to his claim, that his entire disability resulted from the injury sustained on February 12, 1947, for which injury compensation could not have been recovered for the reason the claim was not filed in time.

The record amply sustains the finding of the commission that respondents were prejudiced by reason of not having received written notice of the injury alleged to have been sustained by petitioner on August 2, 1947. The commission ruled correctly in holding petitioner's claim barred by 85 O. S. 1941 §24, and in denying compensation.

The view taken renders it unnecessary to pass upon the other questions raised.

Order sustained.