**Gene Lee ATKINS, Petitioner,**

v.

**COLONIAL BAKING COMPANY, Royal Indemnity Company, and State Industrial Commission of the State of Oklahoma, Respondents.**

No. 36703.

Supreme Court of Oklahoma.

July 5, 1955.

Rehearing Denied Sept. 13, 1955.

Priest, Belisle & Fauss, Oklahoma City, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Gene Lee Atkins filed his first notice of injury and claim for compensation stating that on about May 1, 1954, he sustained an accidental injury arising out of and in the course of his employment with the Colonial Baking Company. The respondents duly raised the issue of failure to give notice within the time and manner provided by 85 O.S.1951 § 24.

Claimant testified that he was employed as a salesman and deliveryman for the Colonial Baking Company and had been so employed for three and one-half years. On May 1, 1954, at approximately 7:30 A.M. in front of Dunn Grocery Store in Yukon, Oklahoma, he attempted to lift two boxes weighing approximately 55 pounds from the delivery truck and he strained himself. He first learned that he had sustained a hernia on June 23, 1954, when he applied for employment with General Foods Corporation at which time he was examined by Dr. H. The only indication of any injury prior to this examination was pain in the region at the time the accident occurred. This pain later subsided. He notified the Colonial Baking Company six days after the examination by the doctor. He fixed this date as June 29th. Prior to this time he had told no one of his injury except his wife whom he told when he reached home on the date the injury occurred. On June 29, he talked to the office manager of the bakery who advised him to see the company doctor. He did this and the doctor advised immediate medical treatment. He talked to the agent for the insurance carrier June 30, 1954, explaining to him the details of the accident and the agent expressed doubt that the claim could be allowed because of failure to give notice. Claimant also saw his counsel on this date and went to a second doctor. On July 12, 1954, he was operated on for a bilateral inguinal hernia and there has been a successful recovery. On cross-examination he stated he may have told the doctor for the employer the injury occurred April 25, 1954. He quit work for the Colonial Baking Company July 3, 1954. Claimant also introduced a report of Dr. G. which is the only medical evidence of the cause of the disability which concludes with the following sentence:

"* * * It is impossible to say or to prove how long these hernias have been present."

At the conclusion of the hearing the State Industrial Commission entered an order, in part, as follows:

"That on May 1, 1954, the claimant was in the employ of the respondent, engaged in a hazardous occupation, within the meaning of the Workmen's Compensation Law of the State of Oklahoma, and on said date sustained an accidental injury, arising out of and in the course of his employment, resulting in a bilateral inguinal hernia.

"That although the claimant was in the continual employ of the respondent up to July 3, 1954, he did not notify said respondent until June 29, 1954; that claimant made no demand for medical treatment.

"That claimant's No. 3 Report of Injury was filed July 7, 1954; that claimant did not notify employer of injury until June 29, 1954; that claimant never made demand for medical attention; that employer's plea of prejudice is sustained.

"That under the plain wording of #24 (sic) Title 85 O.S.A. this claim should be and is hereby denied.

"It Is Therefore Ordered by the Trial Commissioner that the claimant's claim for compensation herein be and the same is hereby denied."

The claimant brings this proceeding to review the order denying the award and argues that it was the duty of the State

452

Industrial Commission to excuse the giving of the written notice. On this point claimant cites Jones v. Oliver, 204 Okl. 164, 228 P.2d 173, 174. The syllabus therein is as follows:

"Under the provisions of 85 O.S. 1941, § 24 the State Industrial Commission is authorized to excuse the giving of the statutory written notice provided therein; and if there is any competent evidence sustaining the finding of the State Industrial Commission that the employer has not been prejudiced by failure to give the statutory written notice, a finding thereon will not be disturbed on review."

85 O.S.1951 § 24 provides for statutory written notice and concludes as follows:

"* * * The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be has not been prejudiced thereby, shall be a bar to any claim under this Act."

In Morton v. State Industrial Commission, 181 Okl. 157, 73 P.2d 136, 137, it is stated:

"Petitioner as grounds for the vacation of the order urges that his evidence was sufficient to establish the fact that the employer had actual notice of his injury and thus negatived any presumption of prejudice in the absence of proof by the employer that prejudice had nevertheless resulted. In support of this contention petitioner cites and relies upon the cases of Oklahoma Gas & Electric Co. v. Thomas, 115 Okl. 67, 241 P. 820; Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P.2d 934; City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. Had the commission found that the employer had actual notice of petitioner's accidental injury, then the cited cases would be excellent authority for the contention advanced, but; since the commission found contrary to the pe-

titioner's claim, a different situation is presented. The applicable rule is that stated in Turner v. Earl W. Baker & Co., 153 Okl. 28, 4 P.2d 739, 741, wherein this court said: 'The question of whether or not an employer under the Workmen's Compensation Law (Act) was prejudiced by the failure of the injured employee to give the thirty days' notice required by section 7292, C.O.S.1921 (85 Okl.St.Ann. § 24), is a question of fact to be determined by the commission.'"

In Curry v. State Industrial Commission, 182 Okl. 119, 76 P.2d 899, 900, this court said:

"* * * The petitioner contends that since from the evidence which he introduced the commission would have been authorized to find in his favor that therefore it was obliged to do so. This by no means follows. Section 13358, O.S.1931, 85 Okl.St.Ann. § 24, authorizes the State Industrial Commission under certain circumstances and upon competent evidence to excuse the failure to give the notice required by said statute, but this is an act of grace and not a matter of right. Where the commission sees fit to excuse the failure and there is any competent evidence to support such action, this court will not disturb it. Under such circumstances, the cases cited by the petitioner would be in point but they have no application to a situation where the commission has seen fit, under the evidence, to refuse to excuse the failure of the claimant to give the notice as required by the statute."

In Johnson v. E. I. Du Pont De Nemours & Co., Inc., 201 Okl. 206, 203 P.2d 717, 718, it is stated:

"Under 85 O.S.1941 § 24, the burden is on the injured employee to establish to the satisfaction of the State Industrial Commission that he was unable to give the statutory written notice or that the employer has not been prejudiced thereby; and where the State Industrial Commission denies an award

for failure to give the statutory notice and there is any evidence reasonably tending to support the order denying the award, the decision of the State Industrial Commission will not be disturbed on review."

■ The evidence presented a question for the determination of the State Industrial Commission as to whether it would excuse the giving of the statutory written notice. Since the early case of Cameron Coal Co. v. Collopy, 102 Okl. 207, 228 P. 1100, it has been pointed out that one of the main purposes of the statute is to allow a prompt and complete investigation of the claim of accidental injury. The statute stands as a bar until the failure is excused. We concede the second proposition of claimant that notice could not have been given has merit. However claimant could have notified the employer that he felt pain in the region on the day he did the lifting. Claimant argues that it is the duty of the State Industrial Commission under the circumstances shown above to find that claimant could not have given the statutory notice; that he did not know until June 23, that he had sustained a hernia. No authority is cited and we know of no case which would justify this court in directing the excusing of the giving of the notice. That authority rests in the State Industrial Commission.

Under the above cases the burden was on the claimant to show that the employer was not prejudiced by failure to give the statutory written notice.

■ Finally claimant argues that the issue of failure to give notice was not properly raised because the answer was not filed within 10 days. He cites Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okl. 231, 249 P. 706. That case is not in point. It holds that an award which has become final cannot be modified by the State Industrial Commission except upon a change of condition.

An examination of the record discloses that the parties and the Trial Commissioner proceeded at length with an examination into the question of notice, and claimant made no issue of respondent's failure to file its answer within 10 days of the filing of claimant's claim until all of the evidence had been introduced. At that point claimant's counsel stated to the Trial Commissioner that he would like to point out that respondent's answer was filed several days late "for whatever importance it is." The Trial Commissioner either ignored or failed to hear this remark for he proceeded to ask the claimant one additional question before announcing that the case was submitted.

In claimant's notice of appeal to the Commission en banc he there complains of respondent's failure to answer within ten days as provided by Rule No. 10 of the Commission. The Commission en banc affirmed the order of the Trial Commissioner without comment on this issue.

This precise question was before this court in Empire Pipe Line Co. v. Morgan, 185 Okl. 82, 90 P.2d 389, 390, wherein the respondent had filed no written answer. In the body of the opinion this court said:

"* * * We think the Commission treated the entire matter as if a written answer were filed and thereby waived the application of the rule.

"It is obvious that the parties upon the hearing were proceeding in their respective examination of the witnesses to an exhaustive inquiry into the question of notice, and it appears almost certain that the substantial rights of the parties were not in any manner prejudiced by the failure of formal compliance with any such rule."

We hold that the fact that the answer was not filed within ten days did not prevent the State Industrial Commission from allowing the issue to be properly presented.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and HALLEY, JJ., concur.

BLACKBIRD, J., dissents.