**Jimmie W. HOLT, Petitioner,**

v.

**GILLETTE MOTOR TRANSPORT, Inc.,** Associated Indemnity Corporation, and The State Industrial Commission, Respondents.

No. 36658.

Supreme Court of Oklahoma.

Feb. 14, 1956.

O. B. Martin, Oklahoma City, for petitioner.

Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

In this case it appears that on July 24, 1953, Jimmie W. Holt, petitioner herein, sustained an accidental injury while in the employ of Gillette Motor Transport Inc., respondent herein, consisting of an injury to his back resulting in some disability to his person. The injury occurred while he was engaged in loading heavy rolls of paper on a truck.

Petitioner failed to give written notice of his injury to respondent within 30 days as required by Tit. 85 O.S.1951 § 24. The trial

commissioner so found and further found that respondent was prejudiced by reason thereof and entered an order denying compensation. The order was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and contends that it is not sustained by the evidence and is contrary to law.

Petitioner concedes that he did not give written notice of his injury as required by the section of the statute, supra. He contends, however, that respondent had actual notice of his injury and the Commission therefore erred in finding that respondent was prejudiced by his failure to give the written notice. The evidence on this issue is in conflict.

Petitioner testified in substance: On July 24, 1953, he sustained an injury as above stated. He continued to work the remainder of that day and also worked the following day until noon. He then notified Walter Kepring, respondent's dock foreman, that he had sustained a back injury on the job. The foreman told him to go to see his doctor and obtain treatment; that he then went to a doctor at Shawnee who massaged his back and taped him. He then returned to work and continued to work for respondent until September 26, 1953. He lost only about two and one-half days from work as a result of his injury. He voluntarily quit work for respondent on the date above mentioned and obtained employment from other employers. Shortly after the date he quit working for respondent, he went to California where he was employed to work in several different oil fields. During all this time, however, he wore a brace. He returned to Oklahoma several days prior to April 1, 1954, on which date he filed his claim for compensation against respondent and its insurance carrier.

The medical evidence is in conflict as to the disability, if any, sustained by petitioner as a result of his injury. There is, however, medical evidence to the effect that as a result of said injury he sustained a 25 per cent permanent partial disability to his body as a whole.

■ Mr. Kepring, respondent's dock foreman, denied that petitioner notified him

that he sustained an accidental injury while in the employ of respondent and further testified: that during all the time petitioner remained on the job until September 26, 1953, he worked as usual, and made no complaint of having been injured; and that the first time he knew petitioner claimed to have sustained an injury while in respondent's employ was when he received notice from the State Industrial Commission that petitioner had filed a claim against respondent and its insurance carrier for his alleged injury. The Commission made no finding on the issue as to actual notice nor was it required to do so. It simply found that petitioner failed to give written notice of his injury and that respondent was prejudiced by reason thereof. This is a sufficient finding, when supported by the evidence, upon which to base an order denying compensation. Simpson v. Poteau Ice Co., 205 Okl. 317, 237 P.2d 873. In Curry v. State Industrial Commission, 182 Okl. 119, 76 P.2d 899, we held:

"Whether an employer has been prejudiced by the failure of an employee to give notice of his injury as required by section 13358, O.S.1931, 85 Okl.St.Ann. § 24, is a question of fact to be determined by the State Industrial Commission.

"The State Industrial Commission is authorized under section 13358, O.S. 1931, 85 Okl.St.Ann. § 24, to excuse a failure to give the notice required by said section, under certain circumstances and upon competent evidence, but is not required so to do."

In that case we further said:

"* * * Section 13358, O.S.1931, 85 Okl.St.Ann. § 24, authorizes the State Industrial Commission under certain circumstances and upon competent evidence to excuse the failure to give the notice required by said statute, but this is an act of grace and not a matter of right. Where the commission sees fit to excuse the failure and there is any competent evidence to support such action, this court will not disturb it. Under such circumstances, the cases cited by the petitioner would be in point but they have no application to

**618**

a situation where the commission has seen fit, under the evidence, to refuse to excuse the failure of the claimant to give the notice as required by the statute."

█ █ We have also held that under Tit. 85 O.S.1951 § 24, the burden is on the injured employee to establish to the satisfaction of the State Industrial Commission that he was unable to give the statutory written notice or that the employer has not been prejudiced thereby; and where the State Industrial Commission denies an award for failure to give the statutory notice and there is evidence reasonably tending to support its order, the decision of the State Industrial Commission is final and will not be disturbed on review. Ferguson v. Pools by Paddock, Okl., 282 P.2d 770; Rosbottom v. Moorlane Co., 190 Okl. 562, 125 P.2d 970; Johnson v. E. I. Du Pont De Nemours and Co., Inc., 201 Okl. 206, 203 P.2d 717.

█ The purpose of the statute requiring the employee to give written notice of his injury is to furnish his employer prompt information in order that he may make a timely investigation of the accident in order to determine the nature and extent of the injury and to provide prompt medical treatment to prevent or minimize resulting disability. Gulf Oil Corp. v. Kincannon, 203 Okl. 95, 218 P.2d 625; Jones v. Oliver, 204 Okl. 164, 228 P.2d 173.

█ The record discloses that after sustaining his alleged injury on July 24, 1953, petitioner did not file his claim for compensation until April 1, 1954. Under respondent's evidence it had no notice that he claimed to have sustained an injury until after he filed his claim for compensation. It will thus be noted that on the basis of said evidence, respondent had no notice that petitioner claimed to have sustained an injury until about eight months after the alleged injury occurred. This indicated respondent was deprived of an opportunity to make a timely investigation in order to determine whether petitioner had in fact sustained an accidental injury, and, if so, the nature and extent thereof, and is sufficient evidence to support the finding of the Commission that respondent was prejudiced by reason of petitioner's failure to give the notice, and to sustain the order denying compensation.

Order sustained.