Roy Willis CAWTHON, Petitioner,

v.

ELWINO BOTTLING COMPANY, American Employers Insurance Company, and the State Industrial Commission, Respondents.

No. 37769.

Supreme Court of Oklahoma.

Oct. 29, 1957.

Norman & Wheeler, Muskogee, for petitioner.

Covington, Donovan & Gibbon, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On August 30, 1956, Roy Willis Cawthon, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed as a bottler for Joe Branham Corporation, doing business as Elwino Bottling Company, he sustained a back injury on June 19, 1956.

On January 29, 1957, the trial Commissioner denied an award, which was affirmed by the Commission en banc. This proceeding is brought by the claimant against the employer and its insurance carrier, American Employers Insurance Company, to review the order denying the award.

The record discloses that claimant was bottling foreman for the employer. He stated that on June 19, 1956, he had approximately eight men under his supervision. At about 9:30 in the morning a machine jerked him around and wrenched his back. He worked for about an hour after this and went to the hospital. He remained in the hospital five days. The day he was discharged was on Friday and the following Monday he returned to work and worked for approximately three weeks. On the 17th day of July, 1956, he again quit work and went to Dr. W in Tulsa. He has not returned to work since that time. At the time of his testimony on January 3, 1957, he was under the care and treatment of Dr. H in Muskogee. He is forty-one years of age. He is not able to work, and the medical testimony reveals that he is disabled due to a defective back, which might be cured or aided by an operation. The evidence is in irreconcilable conflict as to whether this disability is the result of an accidental injury or due to a congenital condition of the spine.

The State Industrial Commission denied an award, and based its denial upon the failure to give the statutory written notice as required by 85 O.S.1951 § 24, and refused to excuse the giving of the statutory written notice because the employer and insurance carrier had been prejudiced by a failure to give such notice.

The sole issue presented is the error of the State Industrial Commission in refusing to excuse the giving of the statutory written notice. 85 O.S.1951 § 24, provides in part as follows:

"* * * The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not

have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claims under this Act."

In the order made by the State Industrial Commission it is stated:

"Claimant alleges an accident on June 19th, 1956, but gave no notice and did not request medical treatment and went to doctors of his own choice and respondent was prejudiced thereby."

In Atkins v. Colonial Baking Co., Okl., 287 P.2d 450, 452, it is stated:

"Under 85 O.S.1951 § 24, the burden is on the injured employee to establish to the satisfaction of the State Industrial Commission that he was unable to give the statutory written notice or that the employer has not been prejudiced thereby; and where the State Industrial Commission denies an award for failure to give the statutory notice and there is any evidence reasonably tending to support the order denying the award, the decision of the State Industrial Commission will not be disturbed on review."

▆ The finding of the State Industrial Commission that at no time did the claimant inform the employer, or any one in a managerial capacity prior to the filing of the claim that he had sustained an accidental injury is supported by the evidence. Claimant insists that the report of the insurance company filed in this case upon which claimant was cross-examined shows that he informed the adjustor for the insurance company within three days after the accidental injury that he had suffered a disability to his back by reason of an accidental injury on June 19, 1956. A review of the evidence in this connection shows that it is in conflict as to the nature of the accidental injury. In Morton v. State Industrial Commission, 181 Okl. 157, 73 P.2d 136, 137, it is stated:

"Petitioner as grounds for the vacation of the order urges that his evidence was sufficient to establish the

fact that the employer had actual notice of his injury and thus negatived any presumption of prejudice in the absence of proof by the employer that prejudice had nevertheless resulted. In support of this contention petitioner cites and relies upon the cases of Oklahoma Gas & Electric Co. v. Thomas, 115 Okl. 67, 241 P. 820; Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P.2d 934; City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. Had the commission found that the employer had actual notice of petitioner's accidental injury, then the cited cases would be excellent authority for the contention advanced, but, since the commission found contrary to the petitioner's claim, a different situation is presented. The applicable rule is that stated in Turner v. Earl W. Banker & Co., 153 Okl. 28, 4 P.2d 739, 741, wherein this court said: 'The question of whether or not an employer under the Workmen's Compensation Law (Act) was prejudiced by the failure of an injured employee to give the thirty days' notice required by section 7292, C.O.S.1921 (85 Okl.St. Ann. § 24), is a question of fact to be determined by the commission.'"

In Curry v. State Industrial Commission, 182 Okl. 119, 76 P.2d 899, 900, it is stated:

" * * * The petitioner contends that since from the evidence which he introduced the commission would have been authorized to find in his favor that therefore it was obliged to so do. This by no means follows. Section 13358, O.S.1931, 85 Okl.St.Ann. § 24 authorizes the State Industrial Commission under certain circumstances and upon competent evidence to excuse the failure to give the notice required by said statute, but this is an act of grace and not a matter of right. Where the commission sees fit to excuse the failure and there is any competent evidence to support such action, this court will not disturb it. Under such circumstances, the cases cited by the petition-

er would be in point but they have no application to a situation where the commission has seen fit, under the evidence, to refuse to excuse the failure of the claimant to give the notice as required by the statute."

Cases involving a similar question are: Turner v. Earl W. Baker Co., supra; Horton v. State Industrial Commission, 184 Okl. 145, 85 P.2d 413; Simpson v. Poteau Ice Co., 205 Okl. 317, 237 P.2d 873, and Holt v. Gillette Motor Transport, Inc., Okl., 293 P.2d 616.

The finding of the State Industrial Commission is supported by competent evidence. There was no error in denying the award.

Order denying the award sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON and JACKSON, JJ., concur.

WILLIAMS and BLACKBIRD, JJ., dissent.