Charles L. NUNNERY, Petitioner,

v.

BEATRICE FOODS COMPANY, Travelers Insurance Company and the State Industrial Commission, Respondents.

No. 38382.

Supreme Court of Oklahoma.

June 2, 1959.

Landrith & McGee, Tulsa, for petitioner.

Sanders & McElroy, Tulsa, Dale F. Whitten, Tulsa, of counsel, for respondents.

JACKSON, Justice.

Claimant testified that he sustained an accidental injury to his back on the 26th day of January, 1957, while lifting a case of

milk. He admittedly failed to give written notice to his employer within 30 days as provided by 85 O.S.1957 Supp. Sec. 24. The Trial Judge so found and entered an order denying compensation based upon such finding.

Claimant testified that he gave actual notice to his shop manager within 30 days of the injury that he had strained himself on the job and that he was hurting in the groin, but did not mention his back because at that time it was not bothering him. The shop manager sent claimant to Dr. W. who referred him to Dr. G. Dr. G. discovered a disc condition. In Dr. W.'s report he stated it was possible that the pain in claimant's testicle resulted from his back condition. Respondents put on no evidence other than medical reports.

Claimant brings the case here for review contending that since his evidence established that he gave actual notice within 30 days the respondents were compelled to prove prejudice by reason of not having received written notice, which they failed to do. Claimant further contends that in any event the order denying an award cannot be sustained because it contains no finding of prejudice.

Respondents contend that by the terms of the statute the failure to give written notice is an absolute bar *unless* such failure is excused, and that since the Commission did not see fit to excuse same there can be no further inquiry into the matter where, as in this case, an award is denied for failure to give written notice.

A literal construction of the statute supports respondents' contention, and we held in *Curry v. State Industrial Commission*, 182 Okl. 119, 76 P.2d 899, that the excusing of the failure to give written notice is an act of grace, which is equivalent to saying that the Commission has an arbitrary power in this regard to excuse or not to excuse. If this is correct then such arbitrary power would exist even in those cases where the claimant had given actual notice within the 30 day period because the statute does not mention actual notice. Considering nothing

but the statute, actual notice is merely a fact to be considered in determining whether prejudice has resulted from the failure to give written notice. However, a current and applicable rule of the State Industrial Commission attaches a much greater significance to the giving of actual notice. Rule 18 provides that the failure to give written notice *will* be excused if actual notice is given within 30 days in the absence of positive proof of prejudice by the employer. Thus, it is clear that the Commission has bound itself to excuse the failure to give written notice when actual notice is given and the employer does not offer positive proof of prejudice. In the instant case the employer put on no evidence of prejudice, and the Trial Judge made no finding as to actual notice or prejudice.

In this connection respondents contend that a general finding. against claimant for failure to give written notice includes every special finding necessary to support it. We did hold in Bennett v. Highway Construction Co., 175 Okl. 458, 53 P.2d 276, that a denial of compensation for failure to give written notice included a finding of prejudice. In that case, however, we did not consider whether it was necessary to make a finding as to actual notice where there was competent evidence that actual notice had been given. Furthermore, insofar as we can ascertain, Rule 18 had not been adopted at the time that opinion was written, and if it had been adopted it was not considered. The same holds true as to the opinion in Curry v. State Industrial Commission, supra.

In Holt v. Gillette Motor Transport, Inc., Okl., 293 P.2d 616, we held that the Commission was not required to make a finding as to actual notice, but in that case there was a finding of prejudice supported by the evidence. If there is positive proof, and a finding that the employer has been prejudiced, then the question of whether the employer received actual notice is immaterial.

In the instant case there was competent evidence that the employer received ac-

238

tual notice that claimant had sustained an injury. Claimant did not advise as to the time or place of said injury but in view of the fact that the employer furnished medical treatment, apparently without making inquiry in this regard, it cannot be said that the notice was defective for such reason. It is possible that the Trial Judge concluded that the notice was insufficient to cause the employer to believe that claimant had sustained an injury for which he would claim compensation, or the Trial Judge might not have believed claimant. In either event, and absent a finding of prejudice, we think the Trial Judge should have made a finding as to actual notice in view of Rule 18 of the Commission which almost places actual notice on a par with written notice.

In Gulf Oil Corporation v. Garrison, 183 Okl. 631, 84 P.2d 12, it is held in the second paragraph of the syllabus as follows:

"When an employee fails to give the written notice required by section 13358, O.S.1931, 85 Okl.St.Ann. § 24, and seeks to excuse such failure upon the ground of actual notice and offers competent evidence of such fact, the burden then shifts to the employer to show that, notwithstanding such actual notice, he has been prejudiced by the failure to give the written notice."

If competent evidence of actual notice shifts the burden to the employer to prove prejudice (or disprove actual notice) failing which the failure to give written notice *will* be excused, it follows that there should be a finding on this vital issue. We do not hold that the Commission is required to make a finding negating the claimed excuse in every case where an award is denied for failure to give written notice, but we do hold that where there is competent evidence that actual notice was given within 30 days, and an award is denied for failure to give written notice, the order will be vacated unless there is a further finding of prejudice or a finding of lack of actual notice.

We conclude that the finding of the State Industrial Commission is too indefinite and incomplete upon which to base an order denying compensation.

DAVISON, C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and WELCH and BLACKBIRD, JJ., dissent.