Lucille OWENS, Petitioner,

v.

WESTERN HILLS LODGE, National Surety Corporation and the State Industrial Court, Respondents.

No. 39674.

Supreme Court of Oklahoma.

Dec. 12, 1961.

Earl Youree, Wagoner, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, J. R. Settle, Muskogee, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On September 15, 1960, Lucille Owens, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that she sustained an accidental injury arising out of her employment on June 10, 1960, while employed by Western Hills Lodge. On March 8, 1961, the trial judge denied an award and the order denying the award was affirmed on appeal to the State Industrial Court en banc. This proceeding is brought by claimant against Western Hills Lodge, employer, and its insurance carrier, National Surety Corporation, hereinafter called respondents, to review the order denying the award.

The evidence discloses claimant was employed in the laundry of Western Hills Lodge on June 10, 1960. She testified that she hurt her back on that date while she was helping lift a roller on the back of a mangle. She was transferred to the linen department between June 10 and July 18, 1960. Her foreman in the laundry fixed a nearer date than July 18th while claimant was uncertain just when in July she was transferred to the linen department. She worked in the linen department until August 19 or August 22, 1960, dates set by the manager of the lodge or claimant respectively. She has not worked since August 22, 1960, at the lodge. On or about July 18, 1960, she began taking

treatments and took treatments from several doctors. She was hospitalized from Labor Day 1960 to four days thereafter. On August 24 or 25, 1960, she informed the manager, Overton, that she had hurt her back on June 10, 1960, while working in the laundry. A witness who was in charge of the linen department stated claimant told her about three weeks after claimant was transferred from the laundry to the linen department that claimant had rheumatism or she might have hurt her back while working in the laundry.

The State Industrial Court based its denial of the award upon the failure to give the statutory written notice required by 85 O.S.Supp.1953 § 24. The sole issue is the alleged error in refusing to excuse the giving of the statutory written notice. 85 O.S.Supp.1953 § 24, provides in part:

"* * * The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this Act."

In Atkins v. Colonial Baking Company et al., Okl., 287 P.2d 450, 452, it is stated:

"Under 85 O.S.1941, § 24, the burden is on the injured employee to establish to the satisfaction of the State Industrial Commission that he was unable to give the statutory written notice or that the employer has not been prejudiced thereby; and where the State Industrial Commission denies an award for failure to give the statutory notice and there is any evidence reasonably tending to support the order denying the award, the decision of the State Industrial Commission will not be disturbed on review."

There is substantial evidence that claimant was suffiering from rheumatism not connected with any accidental injury and that she never informed anyone of any accidental injury until she told the manager of the lodge on August 25, 1960.

In Morton v. State Industrial Commission et al., 181 Okl. 157, 73 P.2d 136, 137, it is stated:

"Petitioner as grounds for the vacation of the order urges that his evidence was sufficient to establish the fact that the employer had actual notice of his injury and thus negatived any presumption of prejudice in the absence of proof by the employer that prejudice had nevertheless resulted. In support of this contention petitioner cites and relies upon the cases of Oklahoma Gas & Electric Co. v. Thomas, 115 Okl. 67, 241 P. 820; Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P.(2d) 934; City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.(2d) 1094. Had the commission found that the employer had actual notice of petitioner's accidental injury, then the cited cases would be excellent authority for the contention advanced, but, since the commission found contrary to the petitioner's claim, a different situation is presented. The applicable rule is that stated in Turner v. Earl W. Baker & Co., 153 Okl. 28, 4 P.(2d) 739, 741, wherein this court said: 'The question of whether or not an employer under the Workmen's Compensation Law (Act) was prejudiced by the failure of an injured employee to give the thirty days' notice required by section 7292, C.O.S.1921 (85 Okl.St.Ann. § 24), is a question of fact to be determined by the commission.'"

Cases involving a similar question are: Holt v. Gillette Motor Transport, Inc. et al., Okl., 293 P.2d 616; Bennett v. Highway Const. Co. et al., 175 Okl. 458, 53 P.2d 276; and, Cawthon v. Elwino Bottling Co. et al., Okl., 317 P.2d 276.

The only difference in any of the foregoing cases and the case under consideration is that in some of these cases the finding is made by the State Industrial Court that the employer was prejudiced by a

failure to give the statutory written notice. Section 24, supra, does not require such a finding where the award is denied.

Claimant cites, Nunnery v. Beatrice Foods Company et al., Okl. 340 P.2d 236. That case is based on a consideration of Rule 18 of the State Industrial Court not necessary to discuss here. There is no substantial evidence that the employer had actual notice of any accidental injury within 30 days after the claimed injury.

The order denying the award is sustained.

BLACKBIRD, V. C. J. and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.